### Riccardi, Appellant, v. Plymouth Township Board of Adjustment.

338

Argued April 25, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Alphonso Santangelo*, for appellant.

*A. Benjamin Scirica*, with him *Cassin W. Craig*, *William W. Vogel*, and *Wisler, Pearlstine & Talone*, for appellees.

OPINION BY MR. JUSTICE ARNOLD, June 3, 1958:

This is an appeal from the order of the court below affirming the decision of the zoning board which granted a variance to appellee.

The appellee is owner of a lot in Plymouth Township, Montgomery County, adjoining premises of ap-

pellant, in an area zoned as "A" residential by an ordinance enacted in 1954. The ordinance prescribed that there be on each lot two side yards having "an aggregate width of not less than forty (40) feet, neither side yard having a width less than seventeen (17) feet." Appellee applied for a variance to permit construction of a dwelling in such manner that his side yard adjoining appellant's premises would have only an eight-foot width, while the other side yard was of a seventeen-foot width.

At the public hearing on the application held April 16, 1956, no objections were raised and the variance was granted. Appellee obtained a building permit on April 17th and proceeded to excavate on April 21st. On April 25th the appellant filed his appeal in the court below and also notified appellee in writing to "refrain from going ahead with the work pending the final determination of this appeal." At this time not much more than the excavation had been completed.

On June 11th, the court below "referred [the new matter] back to the Board of Adjustment for the purpose of taking . . . additional testimony." Further hearing having been had on July 16th, the court below affirmed the decision of the board; hence this appeal.

At best, the testimony established that when application for the variance was made, appellee had done nothing more than purchase the lot and a set of ready-made plans. The board granted the variance on the basis that appellee qualified for it under Section 1601 of the ordinance;[1] that no objections were raised at the hearing; and that a refusal "would work an undue hardship on the applicant."

---

[1] ". . . a building may be erected . . . on any unimproved lot . . . which is not of the required minimum area or width . . . [subject to board approval]."

The court below correctly found that appellee's lot was of the required width,—thus making inapplicable Section 1601 of the ordinance,—and the mere fact that objections are not made by other property owners does not dispense with the requirement of affirmative proof. Despite these findings the court affirmed the order. This action of the court was based on a finding of undue hardship after consideration of the testimony before the board, and a personal inspection of the premises which showed that the dwelling had already been completed. Its finding of undue hardship, however, was based on the conditions as they existed at the time of the court's inspection, to wit, the hearing on the appeal from the zoning ordinance; and further that the appellant had not obtained a supersedeas upon filing his appeal to the common pleas. This was not a proper basis for the affirmance.

"The difficulties and hardships, which move the board of adjustment to depart from the strict letter of the ordinance, should be substantial and of compelling force": *Kerr's Appeal,* 294 Pa. 246, 253, 144 A. 81, 84. The power to grant a variance "is to be 'sparingly exercised and only under peculiar and exceptional circumstances, for otherwise there would be little left of the Zoning Law to protect public rights' ": *Kovacs v. Ross Township Board of Adjustment,* 173 Pa. Superior Ct. 66, 73, 95 A. 2d 350. Having recognized these principles, the court below proceeded to find as follows: "The reasons assigned by the Board for its decision in this case were neither substantial, serious nor compelling nor were the circumstances peculiar or exceptional." In this result we wholeheartedly concur; but we cannot accept the court's basis for sustaining the board's decision.

Merely because appellant did not seek nor obtain a supersedeas does not destroy his rights on appeal.

Under the Act of 1931, P. L. 1206, as amended, 53 PS §58107, he could have applied for a supersedeas but was not required to do so; and his appeal must yet be heard and determined. It was for appellee to protect himself against the consequences of a loss on appeal. We declared in *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 503, 109 A. 2d 147, where under somewhat similar circumstances revocation of a variance was sustained: ". . . it [applicant] knew or should have known that anyone aggrieved by the action or order of the Board of Adjustment could appeal therefrom in 30 days to the Court of Common Pleas. It therefore took whatever risks were involved if such an appeal were taken and were successful." Here, appellee had full knowledge of appeal having been taken, at a time when he would have suffered little, if any, difficulty or expense if the variance were refused. Despite the possibility of appellant's success on appeal, he chose to go forward, and he must be deemed to have chosen also to suffer the consequences of his actions. This is particularly true where, as here, the only apparent basis for a variance was the applicant's reluctance to change his plans, and not the existence of anything creating an undue hardship.

The order of the court below is reversed at the cost of appellee, and the record is remanded for the entry of an order consonant with this opinion.