## Marple Township Appeal.

Argued January 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert F. Jackson*, with him *Samuel S. Blank*, for appellant.

*Donald J. Orlowsky*, with him *ReDavid, Orlowsky, Maffei & Natale*, Solicitors, for township, appellant.

*Edward Kassab*, with him *Kassab, Cherry, Curran & Archbold*, for appellees.

114

Opinion Per Curiam, March 15, 1968:

Appellees initiated these proceedings by filing an application with the building inspector of Marple Township for a building permit to construct two apartment buildings with 60 apartment units in each building on a five acre tract of land owned by them in Marple Township. The application was refused on the ground that apartment buildings were not permitted in an area zoned R-A Residential. Appellees then filed an appeal with the board of adjustment seeking, inter alia, the grant of a variance permitting them to construct apartment buildings. The board refused to grant the requested variance and appellees appealed. After additional testimony the court below reversed the board and this appeal followed.

"In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456; Moyerman v. Glanzberg, 391 Pa. 387, 397, 138 A. 2d 681; Michener Estate, 382 Pa. 401, 406, 115 A. 2d 367. . . ." *J. B. Simon & Co. v. Zoning Bd. of Adj.*, 403 Pa. 176, 178, 168 A. 2d 317 (1961). *Accord: Jasy Corporation v. Board of Adjustment*, 413 Pa. 563, 198 A. 2d 854 (1964). Here, the record is completely barren as to any evidence demonstrating that the land in question cannot possibly be used within the permissible uses enumerated under the present zoning classification. Since appellees have failed to so demonstrate, the variance should have been denied by the court below. In addition, we feel compelled to indicate that this decision in no way

should be construed as sanctioning the lower court's reliance upon the possible future location of the proposed Blue Route as having any relevance whatsoever in determining the question of unnecessary hardship.[1]

Decree reversed.

---

[1] Appellees argue that the proposed highway (Blue Route) would deleteriously affect the use of the land in that it would not be possible to use it for residential purposes. We need not decide the relevancy of a future condemnation in determining present unnecessary hardships since our decision is bottomed upon the apparent lack of evidence indicating the inability to use the property for other permissible uses.