## Zoning Board of Adjustment of Hanover Township, Northampton County v. Donald M. Koehler, et al.

Argued May 3, 1971, before President Judge Bowman, and Judges Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Thomas J. Maloney,* with him *Paul C. Hensel* and *Maloney & Goodman,* for appellant.

*Jackson M. Sigmon,* with him *Sigmon, Briody, Littner & Ross,* for appellee.

OPINION BY JUDGE PALMER:

This is an appeal from the refusal of the Zoning Board of Adjustment of Hanover Township to grant a variance from the provisions of the zoning ordinance to permit the erection of a gasoline station on property owned by appellants and located in an M-Light Manufacturing District. A de novo hearing was held before us and from the testimony taken we make the following

FINDINGS OF FACT

1. Sometime between February 1969 and January 1970, the appellants became the owners of a 1.15 acre parcel located at the northwest corner of Route 512 and Stokes Park Road, Hanover Township, Northampton County, in accordance with the provisions of the will of Preston Koehler.

2. On January 18, 1963, the Board of Supervisors of Hanover Township adopted a zoning ordinance which, as revised, remains in effect.

3. The parcel in question is trapezoidal in shape with a frontage of 192.19 feet on the west side of Pennsylvania Route 512 and 191.75 feet on the north side of Stokes Park Road. The northern edge of the property is approximately 177.62 feet and the western edge of the property is approximately 317.11 feet in length.

4. The grade at the northeast corner of the parcel is four feet five inches below the grade at the center line of Route 512. Since the parcel abuts a superelevated curve of Route 512 at this point, the northeast corner is six and one-half feet below the grade of the western edge of Route 512.

5. It would cost approximately $16,000 to bring the depressed area to the grade of Route 512.

6. The zoning ordinance of Hanover Township does not permit the erection of gasoline stations in M-Light Manufacturing Use Districts.

7. Since the parcel is below grade and is subject to flooding caused by runoff during storms, it must be filled to be utilized for any of the uses permitted in M-Light Manufacturing Districts.

8. The cost of preparing the land for any of the permissible uses under the zoning ordinance makes it economically prohibitive.

## DISCUSSION

Article 8, Chapter 2, Section 82.24 of the Zoning Ordinance of Hanover Township provides that: "Any variance granted by the Board of Adjustment must be for uses permissible under the terms of this ordinance for the district involved." The appellants contend, and counsel for the Zoning Board of Adjustment of Hanover Township agree, this section is unconstitutional.

Counsel for the Board maintains the intent of Section 82.24 is identical to that of the "least modification rule" of the Pennsylvania Municipality Planning Code of 1968, 53 P.S. 10912(5), which provides: "(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue." We find it impossible to save Section 82.24 by reading this section as a gloss on Section 82.24 of the Ordinance.

In order to obtain a variance, petitioner must show (1) an unnecessary economic hardship will result if it is not granted and (2) the variance is not contrary to the public interest. It is well settled that a variance will not be granted on the grounds of economic hardship alone: *Andress v. Zoning Board of Adjustment*, 410 Pa. 77, 88 (1963), but this is not a case where the appellants have shown merely that they would benefit substantially from the grant of a variance. There is

uncontradicted testimony by an expert in land values that in the immediate area of the property prime industrial land sells for 25 cents per square foot, and it would cost 50 cents per square foot to bring this parcel up to grade. The uncontradicted evidence showed not only that cheaper and more suitable land for the uses allowed under the M-Light Manufacturing District regulations could be found in the immediate area, even if the land *were* developed; but further, that if the owners *gave* the land away, it would cost too much to bring it up to grade to make it economical to develop. In the face of this testimony, the Board contends appellant has failed to sustain the burden of proof of unnecessary hardship because they did not adduce sufficient evidence that there have been actual attempts to sell the land as it is currently zoned. The legal premise of that argument is the proposition that as a matter of law those seeking a variance must prove that the land has in fact been offered for sale and that no buyers have appeared. For this proposition respondents cite no authority. Proof that land cannot be sold for any use permitted by the ordinance is evidence that the land will not yield a reasonable return if the uses are confined to those permitted by existing zoning regulations. To be sure, inability to sell after a sustained and vigorous effort to do so is evidence that the land is not saleable for a permitted purpose. But it is not the only evidence which might be adduced to show that land cannot be sold for any use permitted by the ordinance. The Pennsylvania Supreme Court has, on numerous occasions, sustained findings of unnecessary hardship where no evidence of attempt to sell was recited. *Garber Zoning Case,* 385 Pa. 328 (1956) ; *Nicholson vs. Zoning Board of Adjustment,* 392 Pa. 278 (1958) ; *Forest Hills Borough Appeal* (Re Dance Oil Service Co.), 409 Pa. 392 (1963). In the light of these cases it is clear that appellants have met their burden of proof of unneces-

sary hardship which is unique and peculiar to this particular lot.

In order to obtain a variance, petitioner must also show that the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located nor substantially or permanently impair the appropriate use or development of adjacent property nor be detrimental to the public welfare. Act of July 31, 1968, P. L.      , No. 247, art. IX, Sec. 912(4), (53 P.S. 10912(4)). The testimony discloses that the proposed site of the gasoline station for which a variance is sought in this case is within 50 feet of a Gulf Gas Station and a Holiday Inn and is in the general area of an automobile dealership and a grocery stand. The character of the neighborhood in which the parcel in question is located is, therefore, best characterized as commercial and would not be altered by the granting of a variance for a gasoline station. The concept of "public welfare" is a broad one, which in an application for a variance may include traffic effects, impact on the character of the neighborhood, impact on property values, the effect on surrounding zoning, and other variables. The uncontradicted evidence of the petitioners is that the gasoline station would develop a traffic flow of approximately twelve cars per hour which would be less than the traffic flow generated by some uses permitted in an M-Light Manufacturing Zone. There is uncontradicted evidence in the record that although the intersection of Stokes Park Road and Route 512 is "very congested" now, the presence of a gasoline station on the northwest corner will improve the safety of the intersection, because the grading of the corner lot necessary for the erection of the gas station will eliminate the ditch on the western side of Route 512. The uncontradicted testimony was that the proposed gas station would not generate additional traffic but rather would serve the traffic that is already there.

## Conclusions of Law

1. Appellants have established that the refusal to grant a variance will result in an unnecessary hardship.

2. Appellants have established that the unnecessary hardship is due to conditions peculiar to the particular property and not to circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

3. The proposed use will neither (a) be detrimental to the public welfare nor (b) alter the essential character of the neighborhood.

4. Appellants have established that they did not create the unnecessary hardship.

## Order of Court

AND NOW, this 16th day of November, 1970, the within appeal from the refusal of the Zoning Board of Adjustment of Hanover Township to grant a variance to Donald M. Koehler, Elwood Koehler, Gerald Koehler, Richard Koehler and Ronald Koehler is hereby sustained. The Board is directed to grant the variance prayed for in accordance with the foregoing Opinion.

***

Opinion by Judge Wilkinson, June 15, 1971:

From the order of the lower court, the Zoning Board of Adjustment (therein the appellee) filed an appeal in this Court. We believe that the able opinion of Judge Palmer of the court below correctly disposes of all the issues in this case and we hereby adopt it.

In its brief and on argument, the Zoning Board asserted that Judge Palmer's opinion "misquotes" Lieberman and Rabin's treatise on zoning with regard to the requirement that in order to obtain a variance, two things must be shown: (1) not contrary to public policy; (2) unnecessary hardships. In fact this is a correct statement from that treatise, on page 121: "(b) 'In

266

order to obtain a variance . . . a petitioner must prove (1) the variance will not be contrary to the public interest; and (2) unnecessary hardship will result if it is not granted': Silverco, Inc. v. Zoning Board of Adjustment, 379 Pa. 497, 503-4; O'Neill v. Philadelphia Zoning Board of Adjustment, 384 Pa. 379; Fagan v. Zoning Board of Adjustment, 389 Pa. 99. See also: Dooling's Windy Hill, Inc. v. Springfield Township Zoning Board of Adjustment, 371 Pa. 290, 295." Lieberman and Rabin, *Law of Zoning in Pennsylvania,* 121 (1958).

The appeal is dismissed and the order of the lower court is affirmed.