## DiBello *v.* Zoning Board of Adjustment.

Argued February 11, 1972, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*William G. Schwariz*, with him *Blank, Rome, Klaus & Comisky*, for appellant.

*Harold D. Scher*, Assistant City Solicitor, with him *John Mattioni*, Deputy City Solicitor, and *Levy Anderson*, City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, March 6, 1972:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County affirming the decision of the Zoning Board of Adjustment which refused a variance to permit appellant to erect a garage for the storage of three trucks, two cars, and landscaping equipment. The court below did not take any additional testimony but found on the record made before the Board that the Board had not committed an error of law nor had it abused its discretion. We must reverse the lower court.

The land in question is in an "R-10" Residential Zone. The appellant purchased the property in 1967 when erected thereon was a stable which housed horses and other animals as a nonconforming use. He demolished the stable and applied for a variance which was refused because the lot was too small as well as on what was determined by the Board to be an insufficient showing for a variance. Either ground would have been sufficient to support the refusal at that time.

Since 1967 appellant has acquired additional land and the tract is now of sufficient size to support the

request. We are not unmindful of the heavy burden that is placed upon the appellant by *DiSanto v. Zoning Board of Adjustment*, 410 Pa. 331, 189 A. 2d 135 (1963), as recognized by this Court in *Henry Jacobs v. Philadelphia Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 197, 273 A. 2d 746 (1971). We are also cognizant that the Board may be reversed only if we find that it has committed an error of law or a manifest abuse of discretion. *David Rubin v. Zoning Board of Adjustment (Philadelphia)*, 1 Pa. Commonwealth Ct. 406, 274 A. 2d 208 (1971). A review of this record convinces us that the appellant has met the heavy burden placed upon him before the Zoning Hearing Board and, in our opinion, for the Board to have found otherwise on the testimony before it was a manifest abuse of discretion for which its decision must be reversed.

It is significant to note that not only was not a single protest filed nor any evidence offered before the Board by either the Board or any witness to oppose the grant of the variance, but one of appellant's witnesses in support of the grant was the President of the Forty-Ninth Street Civic Association. We quote from his testimony:

"Q.   Was a meeting held by the Forty-ninth Street Civic Association to consider this application?

"A.   Yes, sir, it was.

"Q.   What was the result of that meeting?

"A.   For me to come down and ask the Board for its approval in this matter, please.

"Q.   State the reasons why?

"A.   Our area has been going down. I was very surprised to find out this area was residential to begin with and I've lived here all my life. When a home or building gets empty around our way, it's boarded up and this is no good for us at all. We would love to see this building put up. It would be a great advantage.

Our people that work for Mr. DiBello all live in the neighborhood. This is like a real community thing." The Board did not ask a single question of this witness.

Appellant, in addition to orally describing the commercial activities conducted in the immediate vicinity of the subject land, across the street, as well as immediately adjacent to it, submitted three photographs, reproduced in the record, that show a diner immediately to the rear of the subject tract, an abandoned house on one side which has a service station next to it, a commercial garage across the one street and, being a corner lot, a four-story manufacturing plant that makes wax across the other street.

We find that the record amply supports a finding that this property is not suited for the residential use permitted and certainly there is no evidence to contradict such testimony. There is the immutable evidence of the "residence" on the next lot which has stood abandoned and unoccupied for a number of years. We have the affirmative testimony of the President of the Civic Association, quoted above, that when a house "gets empty around our way, it's boarded up. . . ." It seems to this Court that such uncontradicted evidence is proof positive and cannot be ignored by the Board that this land is not suitable for residential purposes, the only purpose permitted. This meets completely the requirement restated in our recent decision in *Zoning Board of Adjustment of Hanover Township, Northampton County v. Donald M. Koehler, et al.,* 2 Pa. Commonwealth Ct. 260, 278 A. 2d 375 (1971).

Appellee raises the question of whether sufficient evidence has been offered of subsequent substantial change to overcome the effect of *res judicata* of the 1967 denial of a similar request for a variance on this lot by appellant. *See John L. Esterhai, William Snyder, Clinton S. Seltzer and Clarence Maiden v. Zoning*

*Board of Adjustment,* 1 Pa. Commonwealth Ct. 361, 274 A. 2d 556 (1971). A complete answer is that additional land has been acquired, thus removing one of the bases for the 1967 refusal. In addition, there is the additional two years of vacancy of the adjoining house and the testimony of the continued deterioration of the area. Appellee asserts that the house may continue to be vacant in fear that this variance for commercial use might be granted. This is not convincing since the evidence shows that it has a service station on the other side and commercial garages across the street.

Lest there be some doubt that this Court is relaxing the requirements of the law with regard to granting variances, we will conclude by quoting from *O'Neill, et al. v. Zoning Board of Adjustment,* 434 Pa. 331, 334, 254 A. 2d 12 (1969) : "Variances should be granted only sparingly and only under exceptional circumstances."

In this case, we find those exceptional circumstances.

### ORDER

Now, March 6, 1972, the within appeal from the refusal of the Zoning Board of Adjustment of the City of Philadelphia to grant a variance to Gerald DiBello is hereby sustained. The Board is directed to grant the variance prayed for.