## Philadelphia *v.* Earl Scheib Realty Corp.

12

Argued January 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Carl K. Zucker,* with him *Reuben E. Cohen* and *Cohen, Shapiro, Polisher, Sheikman and Cohen,* for appellee.

OPINION BY JUDGE MENCER, March 15, 1973:

Earl Scheib Realty Corporation (applicant/appellee) sought to construct a one-story building with accessory off-street parking upon a vacant lot on the northeast corner of Cottman and Rockwell Avenues in the City of Philadelphia for automobile painting and body repair. The premises is situate in a district classified "C-2" Commercial, and, as such, the proposed use is not permitted in the district (but is permitted in various industrial districts).

A public hearing before the Zoning Board of Adjustment of Philadelphia (Board) was held on November 30, 1971, wherein the applicant appeared through counsel and offered *argument, inter alia,* that the general area of the subject premises included numerous commercial and industrial uses, that the proposed use would not be offensive since it would be in an enclosed building, and that painting would be the principal operation with body and fender repairs as an incidental adjunct to the primary use.

On December 21, 1971, the Board refused to grant the requested variance finding that the applicant did not establish unnecessary hardship and that the requested variance would not be in the public interest. On appeal, the Court of Common Pleas of Philadelphia County, having taken no additional testimony, reversed the Board on March 24, 1972, and, in an opinion filed August 3, 1972, concluded that the Board had abused its discretion in its decision based upon the record and testimony applicant had presented below.

On March 30, 1972, an appeal was taken to this Court by either the Board itself or the City of Philadelphia (the appeal was signed by John Mattioni, Esquire,

Deputy City Solicitor). Appellee moved to quash the appeal alleging that the City of Philadelphia could not appeal the decision on behalf of the Board which, not being a party aggrieved, could not appeal by itself. We are convinced, as was the Supreme Court in *Edwards Zoning Case*, 392 Pa. 188, 140 A. 2d 110 (1958), and in *Landau Advertising Co. v. Zoning Board*, 387 Pa. 552, 128 A. 2d 559 (1957), that as a matter of substance the real party herein is the City of Philadelphia.[1] Appellee's Motion To Quash is therefore denied.

The scope of our review, where no additional evidence was taken by the court below, is limited to a determination whether the Board abused its discretion or committed an error of law. *Cohen v. Philadelphia Zoning Board of Adjustment*, 3 Pa. Commonwealth Ct. 50, 276 A. 2d 352 (1971).

It is well established that an applicant is entitled to a variance upon proof of unnecessary hardship and lack of adversity to the public interest. *Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 280 A. 2d 672 (1971). "The applicant shall have the duty of presenting evidence relating to the criteria set forth [in §14-1802(1)]."[2] The Philadelphia Code, §14-1802(2).

---

[1] As stated in R. Ryan, *Pennsylvania Zoning Law and Practice* §9.5.6 (Supp. 1972): "[E]limination of the zoning hearing board as a party-appellant in instances where the lower court reverses the board's decision does not prevent further appellate review, for the appellate courts have recognized the right of the municipality to fill the void in these cases by appealing the adverse decision in its own name: *Robert Louis Corp. v. Board of Adjustment of Radnor Twp.*, 1 [Pa.] Commonwealth [Ct.] 292, 274 A. 2d 551 (1971); *Crafton Borough Appeal*, 409 Pa. 82, 185 A. 2d 533 (1962); *Springfield Twp. Zoning Case*, 399 Pa. 53, 159 A. 2d 684 (1960); *Yocum Zoning Case*, 393 Pa. 148, 141 A. 2d 601 (1958); *Edwards Zoning Case*, 392 Pa. 188, 140 A. 2d 110 (1958); *Perelman v. Yeadon Borough*, 144 Pa. [Superior Ct.] 5, 18 A. 2d 438 (1941)."

[2] "§14-1802 Criteria for Granting Variances.

It is not of compelling significance that at least one member of the City Planning Commission staff (not the Commission itself) "examined" appellee's application for a variance and indicated that the City's Comprehensive Plan contemplates the subject property as suitable for a "free standing use."[3] Whether the pro-

---

"(1) The Zoning Board of Adjustment shall consider the following criteria in granting a variance under §14-1801(1)(c):

"(a) that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

"(b) that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought;

"(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;

"(d) that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;

"(e) that the grant of the variance will not substantially increase congestion in the public streets;

"(f) that the grant of the variance will not increase the danger of fire, or otherwise endanger the public safety;

"(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;

"(h) that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

"(i) that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

"(j) that the grant of the variance will not adversely affect the public health, safety or general welfare;

"(k) that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

"(l) that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission."

[3] The following is an excerpt from the City Comprehensive Plan: "Free-Standing Commercial Areas: Free-standing commercial areas are those designed for businesses that are self-sufficient and

posed use was suitable, however, was within the discretion of the Board which, by Code §14-1802(1)(1), was to insure that "the grant of the variance will not adversely affect in a substantial manner . . . the Comprehensive Plan for the City. . . ." No evidence, other than the assurances of appellee's attorney, exists in the record to assuage the Board's mandatory skepticism.

Of some significance is the fact that neither neighbor nor civic association protested the granting of a variance, but, as appellee itself points out, this did not relieve the applicant of its burden of proof. *Riccardi v. Plymouth Township Board of Adjustment,* 393 Pa. 337, 142 A. 2d 289 (1958).

Of no significance is the fact that the Board approved use of the subject property as a drive-in restaurant in 1969 (this fact was first introduced by appellee before the lower court). In fact, such a restaurant is permitted as a matter of right within the property's district by Code §14-303(2)(t).

We additionally find unique the proposition that, since "[t]here is immutable evidence that the lot has stood abandoned and unoccupied for a long number of years," it "was not necessary, in order to establish hardship, to describe specific attempts at sale." It is axiomatic that the applicant for a variance must prove that the subject property could not be used within the permissible limits of the existing zoning classification. *Marple Township Appeal,* 430 Pa. 113, 243 A. 2d 357 (1968). "Proof that land cannot be sold for any use permitted by the ordinance is evidence that the land will not yield a reasonable return if the uses are con-

---

not dependent on customers of other stores. Thus, the stores in them are not grouped necessarily with others; they cater largely to customers who arrive by automobile and draw single-purpose trips. Examples range from auto sales and service to large commercial amusement centers, to office buildings."

fined to those permitted by existing zoning regulations. To be sure, inability to sell after a sustained and vigorous effort to do so is evidence that the land is not saleable for a permitted purpose. But it is not the only evidence which might be adduced to show that land cannot be sold for any use permitted by the ordinance. The Pennsylvania Supreme Court has, on numerous occasions, sustained findings of unnecessary hardship where no evidence of attempt to sell was recited." *Zoning Board of Adjustment v. Koehler,* 2 Pa. Commonwealth Ct. 260, 278 A. 2d 375 (1971). Thus, infeasibility might be proved either (1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense *(Zoning Board of Adjustment v. Koehler, supra; Forest Hills Borough Appeal,* 409 Pa. 392, 187 A. 2d 166 (1963)); or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance *(Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959); *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A. 2d 138 (1963)). No such evidence, other than an allegedly "uncontradicted record of harmonious zoning designations and surrounding land development," was adduced by the applicant.

Finally, although appellee contends that the Board couched its refusal to grant the variance in "generalized descriptive terminology" without substantiation whatsoever in the record, we note Conclusions of Law Nos. 7, 11, and 12:

"7. The applicant has shown no unnecessary hardship in that at the time it became the equitable owner of the subject property, it had or should have had full knowledge of the zoning status thereof and if it finds

itself in a detrimental position, it is one it voluntarily chose.

. . .

"11. The applicant has not affirmatively demonstrated some unique hardship to its property and lack of adversity to the public interest.

"12. The record does not disclose that legal hardship exists in this case."

After examining the notes of testimony (which total eight pages) and the entire record (which includes photographs of the general area surrounding the subject property), we must conclude, as we did in *Rubin v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 406, 410, 274 A. 2d 208, 210 (1971), that "although the Code at Section 14-1804(8) permits an attorney's statements to be considered as testimony, a review of the few statements of [applicant/appellee's] attorney . . . hardly can be considered a meeting of the burden placed upon the [applicant/appellee]."

Order reversed.