Borough of Ingram *v.* Sinicrope, et ux.

Argued March 7, 1973, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Gilbert E. Morcroft,* with him *Clarence W. Biggs,
Jr.,* for appellant.

*Helen M. Witt,* with her *Edward A. Witt,* and *Cleland, Hurtt and Witt,* for appellees.

OPINION BY JUDGE WILKINSON, April 25, 1973:

Appellees were denied a permit to operate a beauty and gift boutique in a single family dwelling located at 207 Maxwell Street, Borough of Ingram. Appellees then requested a variance from the zoning ordinance which designated the property in question as an "A Residential District," and when the variance was denied by the Zoning Hearing Board, appealed to the Court of Common Pleas of Allegheny County. The court, after hearing additional testimony, reversed the Zoning Hearing Board and granted the variance.

Where the lower court has considered additional evidence in making its findings of fact and conclusions of law, our review on appeal is to determine whether the court manifestly abused its discretion or committed an error of law. *Drop v. Board of Adjustment,* 6 Pa. Commonwealth Ct. 64, 293 A. 2d 144 (1972).

"In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare. . . . [Citations omitted.]" *Marple Township Appeal,* 430 Pa. 113, 114, 243 A. 2d 357 (1968).

As noted recently in *Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 301 A. 2d 423, the unnecessary hardship can be established: "(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive ex-

pense. [Citations omitted.] ; or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. (Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456 (1959); Peirce v. Zoning Board of Adjustment, 410 Pa. 262, 189 A. 2d 138 (1963))."

We must conclude upon a review of the record that the lower court did not abuse its discretion in finding that the characteristics of the area bordering the property at 207 Maxwell Street were such that to deny the requested variance would impose an unnecessary hardship upon the appellee. Although the dwelling house has a Maxwell Street address, it actually fronts on Linshaw Avenue. Immediately to the front of the property, across Linshaw Avenue, is a shopping center. An exit from the shopping center parking lot funnels traffic onto Linshaw Avenue at this location. Adjacent to the property on one side is a recreation area with a baseball field and tennis courts; on the other is a chiropractic clinic. There was ample testimony that the traffic volume, noise, lights, dust, and water run-off combine to render appellee's property unfeasible for use as a residence. A realtor testified that the property lacked all of the "amenities" of residential property such as safety, quiet enjoyment, freedom from dirt and noise, pleasant surroundings, and a "sense of belonging where it is." One of four men who were tenants for a period during the hearing before the Board, but who vacated prior to the court's hearing, testified that the excessive traffic and the interferences by noise and lights made the dwelling, in his opinion, unsuitable for a residence. In fact, one of the objectors, a neighboring property owner, graphically illustrated a few of the adverse circumstances besetting appellant's property: "The question has been asked about it being a residence. Until that house was built I almost sold mine for the

same reason that the house right now is having a problem. The water, we had to have the problem of water coming off the ball field. The people next door to me, Cavishes, had an awful problem. They finally had to put in two big drains and take it out. The house there at 207 still gets the problem in. . . . So the dirt is a problem, the water is a problem. The man has fought over there for five years trying to get a lawn in. You can't because it washes out."

The findings of the lower court, as supported by the evidence, clearly indicate that the property is unfeasible for use as a residence and not, as the appellant would suggest, simply that the property is *more* feasibly used as a commercial venture than as a residence and thus within the proscription of *Crafton Borough Appeal*, 409 Pa. 82, 185 A. 2d 533 (1962).

There is ample testimony also to support the conclusion of the lower court that the circumstances creating the hardship are unique to the appellee's property. This is the only dwelling house on the residential street fronting on Linshaw Avenue, bearing the impact of the traffic, lights, and noise of the shopping center.

The finding that the proposed variance is not contrary to the public safety, health, and general welfare relies upon the expert testimony of a realtor who felt the proposed use would not constitute a safety hazard and in fact thought the use would benefit the area. We cannot hold that the lower court abused its discretion in making this determination.

Two additional points require attention. First, the lack of evidence showing attempts to sell the property is not fatal where, as here, other evidence has established that the land cannot reasonably be used as zoned. *See Zoning Board of Adjustment of Hanover Township, Northampton County v. Koehler*, 2 Pa. Commonwealth Ct. 260, 278 A. 2d 375 (1971); *Pfile v. Borough of*

*Speers,* 7 Pa. Commonwealth Ct. 226, 298 A. 2d 598 (1972).

Nor does the fact that appellee purchased with knowledge of the zoning restriction preclude the variance because of a self-inflicted hardship. In *Gro Appeal,* 440 Pa. 552, 269 A. 2d 876 (1970), the Supreme Court delineated the circumstances in which an owner who purchased with knowledge of the condition of the property and the existing zoning classification would be prohibited from obtaining a variance: "Only in a case such as this, which arises after the property has been sold to a new owner who has paid a high price for the property because he assumed that a variance which he anticipated would justify his price, do we hold that the owner cannot prove that the hardship which burdens his land was unnecessary rather than self-inflicted." 440 Pa. at 560, 269 A. 2d at 880. Here, the appellee purchased the property to prevent loss of hand money he had loaned his brother, the original purchaser, when his brother withdrew from the agreement. Only after unsuccessfully attempting to overcome the adverse impact of the surrounding conditions have appellees sought this variance.

Affirmed.

President Judge BOWMAN and Judge MENCER dissent.