Charles C. Alfano, Appellant, *v.* Zoning Hearing Board of Marple Township and Homer C. Smith and Marjorie D. Smith, Appellees.

Argued April 1, 1974, before President Judge Bow-MAN and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Joseph P. Mylotte,* with him *Ackerman and Mylotte,* for appellant.

*Herbert Goldfeld,* for appellee, Zoning Hearing Board.

*Richard H. Gross,* for appellees, Smith and Smith.

OPINION BY JUDGE BLATT, July 11, 1974:

Since 1954 Charles C. Alfano has been the owner-occupant of a fifteen acre tract of land located in Marple Township (Township), Delaware County. The projected completion of Relocated Route 580 will cut the tract into two parcels, with eleven acres on one side of the road and four acres on the other side. The total tract is currently subject to two different zoning classifications, in both of which single family dwellings are the only permitted residential construction. It is bounded on the north by a cemetery, on the west by an undeveloped area, on the east by an apartment complex and on the south by Old Marple Road, which will become part of the new expressway. On the north-western portion of the tract there is a steep incline with grades ranging from twenty to fifty percent.

On March 24, 1972, Alfano applied to the Township's Director of Code Enforcement for a building permit to construct on the fifteen acre tract ten apartment buildings with a total of 210 apartment units. The application was rejected and Alfano then appealed to the Township's Zoning Hearing Board (Board), also applying for a variance. Following a hearing, the Board denied the variance and Alfano appealed that decision to the Court of Common Pleas of Delaware County, where intervention by neighboring residents (intervenors) was permitted. The lower court remanded the case to the Board for the taking of additional testimony, after which it was returned to the court. Thereafter, without hearing any additional evidence, the court below affirmed the order of the Board and the variance was again refused. We must affirm.

Where, as here, the court below has taken no additional evidence, our scope of review is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Brunner v. Zoning Hearing Board of Upper Makefield Township,* 12 Pa. Commonwealth Ct. 109, 315 A. 2d 359 (1974).

In considering the merits of this case, we must keep in mind certain principles which govern the disposition of variance cases. A variance should, of course, be granted only in exceptional circumstances and the burden of proving its need is a heavy one. *The Boulevard Land Corporation v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973). In order to establish his right to a variance, an applicant must prove: (1) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (2) that the variance would not have an adverse effect upon the public health, safety or welfare. *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A. 2d 616 (1970). An applicant can establish the existence

of an unnecessary hardship "(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. . . ." *Philadelphia v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 17, 301 A. 2d 423, 426 (1973). Economic hardship, however, short of rendering property practically valueless, does not justify a variance. *Boulevard Land Corporation, supra.*

At the initial hearing Alfano introduced evidence to the effect that eight or nine single-family homes could be built on the tract, but that, because of development expenses, the total costs for each would be approximately $60,000 to $70,000. A real estate expert testifying for Alfano stated that such homes would have to sell for $70,000 to $85,000 in order to be profitable, and that there would be no market for homes in that price range at this location because the physical surroundings would provide none of the amenities required by anyone willing to pay such a price. He also noted, however, that homes could be built facing into the ravine and that, by retaining much of the terrain and the trees, an amenity might be provided. In determining the costs of these homes, however, $10,000 per lot was allotted for site improvements as well as $10,000 per two acre lot for land cost.[1] This latter figure was

---

[1] At the hearing before the Board following the remand, Alfano's real estate expert changed the figure for site improvement costs to $33,000 per lot. Based on that figure he estimated that homes built on the Alfano tract would have to sell in the $110,000 to $120,000 price range in order to return a profit. He believed there was no market for homes in that price range.

used in the testimony despite the fact that it was well in excess of the amount Alfano actually paid for the land in 1954.

In response to the testimony presented by Alfano, an expert witness for the intervenors estimated total site improvement costs to be $50,485, or $5,609 per lot, and the land cost to be $1,121 per acre. He further stated that homes on this tract in the price range of $57,500 to $70,000 could be profitably sold, and that there would be a good market for them.

It is clear that "an applicant for a variance may carry his burden of showing unnecessary hardship unique or peculiar to his property by evidence that the physical characteristics of the property are such that it can only be arranged for the purposes permitted by the zoning ordinance at prohibitive expense." *Higgins v. Zoning Hearing Board of Radnor Township,* 13 Pa. Commonwealth Ct. 195, 198, 199, 318 A. 2d 761, 763 (1974). *See Garbev Zoning Case,* 385 Pa. 328, 122 A. 2d 682 (1956). Alfano has here attempted to present such evidence, but it appears to this Court, as it did to the lower court and to the Board, that his evidence merely establishes that the property in question could be used more profitably as apartments than as single family dwellings. It is certainly not clear, as the Board noted, that Alfano would not make a profit by developing the land for single family dwellings. Even if this were true, however, the "only hardship which appellant would suffer from the refusal of the requested variance is financial. Such hardship is insufficient to warrant the grant of a variance." *Jasy Corporation v. Board of Adjustment,* 413 Pa. 563, 565, 198 A. 2d 854, 855 (1964). *See Bilotta v. Haverford Township Zoning Board of Adjustment,* 440 Pa. 105, 270 A. 2d 616 (1970); *Levin v. Zoning Hearing Board of the Township of Radnor,* 11 Pa. Commonwealth Ct. 452, 314 A. 2d 579 (1974). As this Court stated in *Marple Gar-*

*dens, Inc. v. Zoning Board of Adjustment and Johnson,* 8 Pa. Commonwealth Ct. 436, 443, 303 A. 2d 239, 242-243 (1973): "The test is not whether the desired use of the property by its owner is the more desirable or even the best use. Rather, in a variance case, the question is whether the property may be used in a reasonable manner within the restrictive provisions of the zoning ordinance or regulation."

Lastly, we do not believe that the record here is sufficient to show a "property hardship" as was found by this Court in *Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 298 A. 2d 598 (1972).

For the above reasons, therefore, we cannot hold that the Board committed an abuse of discretion by refusing to grant the variance.

Order affirmed.