J. Richard Fretz, Inc., Appellant, *v.* Hilltown Township Zoning Hearing Board, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Ian A. Abarbanel,* with him *Weber and Abarbanel,* for appellant.

*Charles S. Wilson,* with him *Charles S. Wilson & Associates,* for appellee.

OPINION BY JUDGE ROGERS, April 23, 1975:

The question raised in this appeal of a landowner is whether the Zoning Hearing Board of Hilltown Township, Bucks County, whose action was affirmed by the court below, abused its discretion or committed an error of law in refusing the appellant's application to establish stores and offices in a residential zoning district.

One seeking a variance has the burden of proving that an unnecessary hardship, unique or peculiar to his property, is imposed by the zoning regulations sought to be avoided and that the variance is not contrary to public health, safety or the general welfare. *Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973); *Jacobs v. Philadelphia Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 197, 273 A.2d 746 (1971). Unnecessary hardship may be established, as the appellant here attempted, by showing that the physical characteristics of the property are such that it cannot be used for any purpose permitted by the ordinance. *Borough of Ingram v. Sinicrope,* 8 Pa. Commonwealth Ct. 448, 303 A.2d 855 (1973). Variances, especially those authorizing commercial uses in a residential district, should not be generously granted. *McKay v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973). A variance should be granted

only in the exceptional case and the burden of proving its need is heavy. *The Boulevard Land Corporation v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973). Departing from case law and directing our attention to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq., too often ignored or overlooked in variance cases, we find at Section 912, 53 P.S. §10912 the following:

". . . The [zoning hearing] board may grant a variance provided the following findings are made where relevant in a given case:

"(1) That there are unique physical circumstances or conditions . . . peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

"(2) That because of such physical circumstances or conditions, there is *no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance* and that the authorization of a variance is therefore necessary to enable the reasonable use of the property." (Emphasis supplied.)

The appellant, J. Richard Fretz, Inc., purchased two adjoining lots in Hilltown Township, Bucks County, denominated lots 7 and 8 on a plan of lots recorded in the Office of the Recorder of Deeds of Bucks County in Plan Book 13, page 42. Each lot contained about one acre of land, and both were, when the appellant purchased them in June 1973, located in a zoning district the regulations of which restrict the use of land to residences on 30,000 square foot lots. Mr. J. Richard Fretz, the owner of the appellant corporation and a real estate developer and investor, testified that he intended when

the purchase was made to construct a dwelling house on each lot. He asserts here that he was forced to abandon this project because, due to soil conditions, it will not be possible to obtain sewage permits for on-site sewage disposal for dwelling houses from the Bucks County Health Department but that a permit is available to construct stores and offices. These facts, he contends, entitle his corporation to a variance to construct stores and offices. This theory in general is perhaps unexceptionable; but we agree with the court below that the appellant did not sustain its burden of proving the basic fact that due to unique physical circumstances or conditions there is no possibility that the lots can be developed as the ordinance requires.

The appellant built its case upon an application to the Bucks County Health Department for an on-site sewage disposal system made by a former owner of the two lots which are the subject of this case in the year 1965. This application, which is in the record, proposes an on-site sewage disposal system consisting of a septic tank, a distribution box and a drainfield to accommodate effluent from three stores and an office containing five toilets to be used by five or more persons. The stores and office and the entire sewage disposal system are shown to be located on lot 7 only and the information provided on the application had reference solely to conditions on that lot. Under the heading Percolation Test Information, the applicant reported that one test hole was dug and that in digging the five foot deep hole the six inches of top soil and four and one-half feet of reddish soil were encountered. The application was approved by the County Health Department on October 15, 1965.[1] Mr. Fretz took this 1965 application to an engineer other than the one

---

1. There is evidence in the record that the former owner applied for a zoning variance in 1965 and that it was denied by the Zoning Hearing Board. There is nothing in the record concerning the asserted basis for the request for variance.

who performed the testing in 1965. This gentleman examined the 1965 application, made some calculations, and in a letter to Mr. Fretz reported his conclusion that: "[i]t thus appears that this ground cannot practically be used for residential purposes." This communication[2] raises more questions than it answers. It suggests, for example, that, although the two lots owned by the appellant appearing on an approved plan of subdivision each contains in excess of 40,000 square feet, only one residence could, under existing zoning, be constructed on both lots because the "net area of the ground beyond the ultimate right-of-way is 55,321.2."[3] The letter further contains complicated computations based on a number of assumptions without citation of authority in County Health Board regulations leading to the writer's conclusion that 59,500 square feet would be required for a drainfield for one residence on both lots.

Mr. Fretz also presented the 1965 sewage application to the County Health Department and received a letter from an employe of that office who, based on an examination of U. S. Department of Agriculture maps of the area and the description in the application of the soil taken from the one test hole, wrote: "[a] conventional on-site sewage disposal permit for a private residence would probably not be feasible. However, a definitive statement cannot be made until a representative of the Bucks County Department of Health makes an investigation and evaluation of the soil present at the site."

---

2. The author was not produced at the board hearing.

3. On a sketch plan submitted to the board prepared by the same engineer, the widths of the rights-of-way of the two public roads abutting the lots are shown as, respectively, 50 and 33 feet. The "ultimate" widths of the rights-of-way are shown as 120 and 80 feet. If the "ultimate" rights-of-way represent only the engineer's judgment of the extent of future widening by public authorities, the conclusion that the lots do not now conform to the lot size requirements of the zoning ordinance is erroneous.

This evidence falls far short of proving that there is no possibility of constructing dwelling houses on lots 7 and 8 as the law requires. No application to the County Health Department has ever been made to construct a residence on either lot; the 1965 application on which the engineer and the Health Department employe base their conclusions was for commercial development on only one of the two lots; the communication from the Health Department states only that a conventional system would probably not be feasible; there is no evidence of what kind of nonconventional system might be acceptable or at what cost it might be installed; and finally the Health Board's communication is expressly not a definitive statement of infeasibility of the residential development of the two lots.

We therefore agree with the lower court's conclusion that the Zoning Hearing Board neither erred nor abused its discretion in refusing the variance.

The board and the court below advanced as a further justification for the refusal of the variance the absence of a showing that the combined effect of the zoning regulations and the County Health Department rules affected the appellant's property differently from other properties in the vicinity having similar soil conditions. The point is well made, but we add the thought that if it could be proved that (1) properties, including the landowner's, could not possibly be developed in accordance with zoning regulations because they could not meet health department regulations for on-site sewage disposal reasonably necessary to protect the public health, (2) there are other uses to which the properties could be devoted for which health department permits could be obtained, and (3) public sewers will not be supplied within a reasonable time,[4] the case might well be one in

---

4. The record contains an engineer's opinion that public sewers to serve the area in which the appellant's land is located will not be constructed until the year 1980 or possibly 2000.

which relief from zoning requirements could be obtained by means of the curative amendment procedures of the Pennsylvania Municipalities Planning Code.

Affirmed.