Irving Levinson and William Levinson, Appellants, *v.* Zoning Hearing Board of Bristol Township, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John P. Koopman,* with him *William J. Carlin* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellants.

*Leonard B. Sokolove,* for appellee.

OPINION BY JUDGE ROGERS, May 1, 1975:

Irving and William Levinson have appealed from an order of the Court of Common Pleas of Bucks County affirming the denial by the Bristol Township Zoning Hearing Board of their application for zoning variances.

The appellants are the owners of a parcel of vacant ground bounded on two sides by public roads, on another by a gasoline service station and on the fourth by private residences. The lot contains about one-half of an acre and is located in an R-2 residential zoning district where only residential uses are permitted on lots containing 6500 square feet with 60 feet frontages. Certainly three, and possibly four, residences could be erected on the parcel. The appellants desire to construct a neighborhood shopping center consisting of four stores and require, and in this case applied for, zoning variances from the residential use restriction and from a requirement that a 50 foot buffer be imposed between residential and commercial uses.

The appellants attempted to bring their case within the rule that unnecessary hardship can be established by proof that the characteristics of the area are such that the lot in question has either no value or only a distress value for any use permitted by the zoning ordinance. *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A.2d 138 (1963) ; *Ferry v. Kownacki,* 396 Pa. 283, 152 A.2d 456 (1959) ; *Borough of Ingram v. Sinicrope,* 8 Pa. Commonwealth Ct. 448, 303 A.2d 855 (1973). The appellants had the burden of proof. *J. Richard Fretz, Inc. v. Hilltown Township,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975). We agree with the Zoning Hearing Board and the court below that the appellants did not carry that burden.

The appellants' evidence before the board consisted of a real estate broker's opinion that the lot could not be used for residential purposes. His support for this opinion was another opinion—that no one would buy the appel-

lants' lot for the purpose of erecting a house next to a gasoline service station. On cross-examination, the witness made it clear that his expression of opinion was confined to the subject of marketability of the lot to one desiring to build a house, not to the marketability of houses on this or other lots adjacent to gasoline service stations. In any case, not only was this opinion purely conclusionary, neither it nor any other evidence tended to show that the lot, which when purchased by the appellants was zoned for residential uses and located next to the gasoline service station, had no value or only distress value for residential purposes.

The township's evidence included the testimony of a professional urban planner who testified that homes in the township adjacent to gasoline service stations had been recently sold at the same prices as other comparable properties not so located. This witness and others also testified to matters supporting the conclusion that the commercial development of the appellants' lot would, by exacerbating existing traffic congestion, be harmful to the public safety and welfare.[1]

We agree with the court below that the Zoning Hearing Board made no mistake of law and did not abuse its discretion in denying their applications.

Affirmed.

---

1. One seeking a variance has the burden to prove unnecessary hardship *and* that public health, safety and welfare will not be impaired by its grant. *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).