David J. Kollock and Marjorie A. Kollock, husband and wife, and John F. Ledwith and Mary J. Ledwith, husband and wife, Appellants *v.* Zoning Board of Adjustment of Philadelphia, Appellee, and Ford Leasing Development Co. and the Chestnut Hill Community Association, Intervening Appellees.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John F. Ledwith,* with him *Schubert, Mallon, Walheim & DeCindis,* for appellants.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

*Carl K. Zucker,* with him *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for intervening appellee.

OPINION BY JUDGE MENCER, December 21, 1976:

Appellants, who are residents of the Chestnut Hill section of Philadelphia, ask us to reverse a decision of the Court of Common Pleas of Philadelphia County which upheld the grant of a variance by the Zoning Board of Adjustment of Philadelphia (Board) to the Ford Leasing Development Co. (Ford). The land in question, measuring approximately 200 feet by 150 feet, is currently zoned R-5 residential and comprises a portion of a property owned by Ford and occupied by its lessee, Carr Ford (Carr). Another portion of the property is zoned C-2 commercial and, as currently used by Carr, contains a new car showroom, parking and storage facilities, and a body shop. Ford requested a variance in order to allow Carr to expand by providing customer parking on the R-5 land, by paving that parking lot with gravel rather than macadam, by relocating the body shop, and by erecting a 6-foot-high stockade fence on the northwestern side of the property to act as a screen or buffer. The variance was granted by the Board, subject to certain conditions involving plantings to beautify the area. The lower court affirmed, relying on the record before the Board.

Where, as here, the court below has taken no additional evidence, our scope of review is to determine whether the Board has abused its discretion or committed an error of law. *Harper v. Zoning Hearing Board of Ridley Township,* 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975). In exercising our review,

we must bear in mind the following legal principles summarized in *O'Neill v. Zoning Board of Adjustment*, 434 Pa. 331, 334, 254 A.2d 12, 14 (1969):

> [V]ariances should be granted only sparingly and only under exceptional circumstances; . . . in order to obtain a variance, the petitioner must prove (1) that the variance will not be contrary to the public interest and (2) that unnecessary hardship will result if the variance is not granted; . . . a variance will not be granted solely because the petitioner will suffer an economic hardship if he does not receive one. (Footnotes omitted.)

The unnecessary hardship, in addition, must be unique or peculiar to the individual property involved. *Sposato v. Radnor Township Board of Adjustment*, 440 Pa. 107, 270 A.2d 616 (1970). As a general rule, unnecessary hardship has been established by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense or by proving that the characteristics of the area were such that the lot had either no value or only a distress value for any purpose permitted by the zoning ordinance. *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).

In the case at bar, the Board, in its only conclusion dealing with unnecessary hardship,[1] stated:

> The elevation of the residentially zoned portion of the premises above the remainder of the premises is unsuited for new residential construction.

---

[1] The Board also restated in its conclusions of law the requirements of Section 14-1802 of the Philadelphia Code dealing with variances. The Board concluded generally that sufficient evidence had been presented to meet the criteria of that section.

The only testimony upon which this conclusion could be based was that of Ford's witness who testified that the R-5 area was 2 to 3 feet higher than the C-2 area. No attempt was made to show that this topographical feature rendered the land unsuitable for residential use because it could not be graded except at prohibitive cost. *See Zoning Board of Adjustment v. Koehler*, 2 Pa. Commonwealth Ct. 260, 278 A.2d 375 (1971). Nor was any evidence adduced to show that commercial uses in the area had so surrounded the land in question as to make it unusable as zoned. *See, e.g., Nicholson v. Zoning Board of Adjustment*, 392 Pa. 278, 140 A.2d 604 (1958).

Ford also relies heavily on testimony by its expert that, because of the necessity to expand, the car dealership could not remain in its present location if a residence were erected on the R-5 land. While this may establish an economic hardship to the owner or lessee, this alone is not sufficient to establish unnecessary hardship. *O'Neill v. Zoning Board of Adjustment, supra.* Certainly this testimony does not establish that the land could not be used as zoned or that the property under its present zoning has only distress value. *See, e.g., Ferry v. Kownacki*, 396 Pa. 283, 152 A.2d 456 (1959).

In sum, we find no evidence in the record demonstrating that the land in question cannot possibly be used in a manner comporting with R-5 zoning. We conclude, therefore, that the Board abused its discretion in granting the variance and we must reverse. *Marple Township Appeal*, 430 Pa. 113, 243 A.2d 357 (1968).

Assuming for the moment that Ford has carried its burden of proving that no detrimental effects would result from its proposed expansion and that the plan as formulated has the approval of the Chestnut Hill Community Association, these factors alone are

not sufficient in law to support the grant of a variance.

Order reversed.

ORDER

Now, this 21st day of December, 1976, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is reversed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

The Zoning Board of Adjustment of Philadelphia granted the appellee a variance to use a residentially zoned remainder of the curtilage of its automobile sales establishment for parking, subject to the appellee's providing adequate horticultural screening. In addition, in order to overcome objections of the Chestnut Hill Community Association, the applicant revised its plans prior to the Zoning Board of Adjustment's hearing so as to overcome all of that Association's objections. Moreover, the Philadelphia City Planning Commission recommended that the variance be granted subject to the screening which the Zoning Board of Adjustment made a condition of its approval. The court below, without taking evidence, affirmed the Board's decision. The present appellants are individuals, apparently acting apart from the Chestnut Hill Community Association.

While the law imposes on the applicant for a variance a heavy burden of proving that his property is subjected to unnecessary hardship and that the variance will not be harmful to the public interest, it also provides that where a Board of Adjustment has granted a variance and its action has been affirmed by a lower court, we may not reverse the Board unless we find an error of law or a manifest abuse of discretion.

630

*DiBello v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 546, 287 A.2d 856 (1972).

A review of the present record convinces this writer that it contains sufficient evidence of unnecessary hardship uniquely imposed on the appellee's property by the Philadelphia zoning regulation to support the Board's action; and further, that the facts are sufficiently similar to those of other cases where we have upheld grants of variances, that we should do so here. *See Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972); *DiBello v. Zoning Board of Adjustment, supra; Zoning Board of Adjustment v. Koehler,* 2 Pa. Commonwealth Ct. 260, 278 A.2d 375 (1971).