A & D, Inc., Appellant *v.* Zoning Hearing Board, East Nottingham Township, Chester County, Pennsylvania, Appellee.

Argued October 3, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*William H. Mitman, Jr.*, for appellant.

*Robert W. Lentz* and *John C. Snyder,* with them *Eric S. Coates,* and, of counsel, *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees.

OPINION BY JUDGE WILKINSON, JR., November 14, 1977:

This is an appeal from a decision of the Court of Common Pleas of Chester County affirming the dismissal by the Zoning Hearing Board (Board) of East Nottingham Township (Township) of a variance application by the appellant A & D, Inc. We affirm the denial of a variance.

The appellant owns 67 acres of land in East Nottingham Township and seeks a variance allowing the construction of 900 apartment units. Fifty-five (55) apartment units are already constructed on the tract, having been proposed for development prior to the enactment of a zoning ordinance by the Township in 1971. Under the terms of this ordinance the appellant's tract is zoned R-1, which does not allow for apartment usage.[1]

The 67 acre tract in question was originally purchased in 1969 by Alisa Construction Company (Alisa). It was this Company that arranged the development of the 55 unit apartment complex. In August of 1973, A & D, Inc. purchased the land from Alisa for a nominal consideration. This purchase, of course, was subsequent to the enactment of the zoning ordinance by the Township, and was made with full knowledge of the R-1 classification afforded the 67 acre tract. Alisa and A & D, Inc. are owned by the same individuals and have the same key officers. They are, however, entirely separate corporate entities.

Appellant is in this case seeking a validity variance. Such a variance is based on the theory that an otherwise valid ordinance is confiscatory when applied to a particular tract of land, in that it deprives the owner of any reasonable use of his property. *Town-*

---

[1] The R-1 zoning allows, in addition to single-family dwellings, for agricultural, religious or educational uses; golf courses; public utility facilities; municipal uses; club, fraternal institution or not-for-profit swimming pools; cemeteries; non-commercial recreational uses.

*ship of Neville v. Exxon Corp.*, 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974). The statutory requirements for a variance, found in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912, must be met when seeking a validity variance. These requirements may be summarized as follows: (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from the unique physical characteristics of the property; (3) the granting of a variance will not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship must not be self-inflicted; and, (5) the variance sought is the minimum variance that will afford relief. *See Marple Gardens, Inc. v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973).

There is no doubt but that appellant's property possesses physical characteristics which create a certain amount of difficulty. Almost 70%[2] of the 67 acre tract is not suitable for on-lot sanitary waste disposal systems, compared with a much lower average for the area immediately surrounding the tract in question. As a result, the per lot costs for a development of 37 single-family dwellings could be such as to price the homes above the present market in the area, which is for homes in the $40,000-$45,000 price range.

In essence, the Board found that the appellant could develop his property under the terms of the ordinance without pricing his homes substantially out of the market. The appellant contests this finding, arguing that the record requires the conclusion that the homes would have to be priced at about $65,000 in

---

[2] The Board found that only some 60% of the land was not suitable for on-site sanitary disposal. Such a finding is clearly at odds with the record, as the brief for the intervening appellees readily admits.

order for A & D, Inc. to make a *reasonable profit*. While we believe there is substantial evidence in the record to support the Board's finding, we would also point out that even accepting the appellant's figures he would not necessarily be entitled to a variance. In *Marple Gardens, supra,* we refused a variance where the developer showed that they would have to sell a single-family dwelling at a price of about $57,500 in an area where homes normally sold at about $40,000. The problem faced by that developer is the same facing A & D, Inc. in this case: all that either could show was *economic* hardship. A mere showing of economic hardship, of course, does not alone justify the granting of a variance. *Township of Washington v. Washington Township Zoning Hearing Board*, 27 Pa. Commonwealth Ct. 510, 365 A.2d 691 (1976). Moreover, we would agree with the court below that the appellant has not met his burden of showing that the zoning ordinance prohibits him from using his property for the other purposes allowed by the R-1 classification. Once again, all the appellant has demonstrated is that it would not be possible for him to make a *reasonable profit* from such activities.

It is not clear that A & D, Inc. has applied for the minimum variance that will afford it relief. The argument that a 900 unit apartment complex is the minimum use variance from a 37 single-family home is patently untenable.[3] Further, we believe that A & D, Inc. has not met its burden of demonstrating that the proposed development would not alter the character of the area in question, and that the development would not have an adverse impact on the health, safety and welfare of the public. While the evidence in

---

[3] Under the Planned Residential Development provisions of the Township's zoning ordinance, A & D, Inc. could have constructed up to 49 single-family homes on the tract in question.

the latter respect was somewhat conflicting, it is the Board's function to resolve the conflict.

In view of the above it is not necessary to decide whether A & D, Inc.'s hardship in this case is self-imposed.

Accordingly, we will enter the following

ORDER

Now, November 14, 1977, the decision of the Court of Common Pleas of Chester County, Zoning Appeal No. 44 July 1975, dated October 25, 1976, is hereby affirmed.