Appeal of Walter C. Czop, Inc. from Decision of the Upper Providence Township Zoning Hearing Board. Appeal of Walter C. Czop, Inc. Walter C. Czop, Inc., Appellant.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Donald J. Martin*, with him *James J. Himsworth, Jr.*, for appellant.

*Clarke F. Hess*, with him, of counsel, *Butera, Hess, Beausang & Moyer*, for appellee.

OPINION BY JUDGE MENCER, June 22, 1979:

This appeal is from an order of the Court of Common Pleas of Montgomery County which affirmed a decision of the Upper Providence Township Zoning Hearing Board denying a validity variance application by the appellant, Walter C. Czop, Inc., We affirm.

Pursuant to an agreement of sale dated May 10, 1977, the appellant agreed to purchase an 84.9-acre tract owned by Margaret Missimer Fitzgerald, Harold Missimer, and Howard Missimer for $500,000. From at least 1912 until approximately 1974 the property, located in Upper Providence Township, Montgomery County, was utilized as a dairy farm. When that use became unprofitable, the present owners commenced crop farming.

The agreement of sale was conditioned upon a zoning change which would enable the appellant to develop the land more profitably. Presently, the land is zoned R-1, which permits only agricultural use or single homes on a lot no smaller than 40,000 square feet. An application to rezone the tract to R-2, cluster development, was denied by the Upper Providence Board of Supervisors on February 7, 1977. On March 9, 1977, the appellant filed an application for a validity variance, the denial of which is the subject of this appeal.

Applicable here is what Judge WILKINSON, JR., wrote in *A & D, Inc. v. Zoning Hearing Board,* 32 Pa. Commonwealth Ct. 367, 369-70, 379 A.2d 654, 656 (1977):

Appellant is in this case seeking a validity variance. Such a variance is based on the theory that an otherwise valid ordinance is confiscatory when applied to a particular tract of land, in that it deprives the owner of any reasonable use of his property. Township of Neville v. Exxon Corp., 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974). The statutory requirements for a variance, found in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, must be met when seeking a validity variance. These requirements may be summarized as follows: (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from the unique physical characteristics of the property; (3) the granting of a variance will not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship must not be self-inflicted; and, (5) the variance sought is the minimum variance that will afford relief. See Marple Gardens, Inc. v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973).

We have examined this record and have reached the conclusion that the trial court was absolutely correct in its ruling in this case, and we are of the view that we cannot better express the basis for the ruling than did the trial court. Accordingly, we set forth here a substantial portion of Judge VOGEL's opinion written for the Court of Common Pleas of Montgomery County:

The appellant contends that the property cannot be reasonably used as zoned, namely, R-1 residential-agricultural, because of the extent and configuration of the floodplain and steep slope areas of the tract. Of the property's 84.9 acres, 17.3 acres are floodplain and 3.2 acres are steep slopes with over a 15 percent incline, resulting in 20.5 acres, or 24 percent, that are not usable for residential construction of any type. Evidently, this tract of land contains somewhat more floodplain and steep slope areas than do some other neighboring tracts. Nevertheless, the entire area wherein this tract is located, and which is similarly zoned R-1, consists of rounded undulating hills that have been, and continue to be, used for farming.

The alleged hardship which this condition creates is that it becomes very expensive to construct housing in conformity with R-1 requirements. Forty-four residential units could be constructed under the present zoning. However, the costs of improvements alone would exceed $18,000 per lot which means that any such constructed residence would have a selling price of more than $100,000, a figure outside of the area's market range.

The appellant offered two alternatives both of which substantially mirror the requirements of R-2, cluster development, zoning. Scheme I involves 200 lots whereas Scheme II calls for 193 lots. Other than the number of the lots, the two schemes are basically similar. Both would preserve existing wooded areas and use the floodplain and steep slope as open space. In either case the houses could retail for approximately $47,000, a very marketable price.

Perhaps cluster development will more certainly guarantee a profit. Nonetheless, the appellant has failed to prove that the tract of land has no reasonable use as zoned. Moreover, the court cannot find from the record that the zoning hearing board committed either an abuse of discretion or an error of law with its decision. See Kuhn v. Hanover General Hospital, 34 Pa. Commonwealth Ct. 207, 382 A.2d 1305 (1978); Miorelli v. Zoning Hearing Board of Hazleton, 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977).

First of all, the appellant did not prove that the physical characteristics of the property result in unnecessary hardship. The Commonwealth Court explained some of the circumstances under which the appellant herein could have proven its case in Updegrave v. Philadelphia Zoning Board of Adjustment, 25 Pa. Commonwealth Ct. 451 454, 360 A.2d 827, 828 (1976):

' "Unnecessary hardship," as this Court has held, can be established (1) by showing that the physical characteristics of the property were such that *it could not in any case be used for the permitted purpose* or that the physical characteristics were such that it could only be arranged for such purpose *at prohibitive expense* or (2) by proving that the characteristics of the area were such that the lot has either no value or *only a distress value for any purpose permitted* by the zoning ordinance. Economic hardship, however, short of rendering property practically valueless, does not justify a variance.' (Italics added.)

Granted, it would be more difficult to construct profitably marketable R-1 housing than it

would to build a cluster development, but that does not prove that R-1 use is unreasonable. The land is, and can be, used as a farm which is a permitted use under the present zoning. Simply because R-1 housing would prove difficult to market proves only economic hardship, not the effective confiscation required to grant a validity variance: Township of Neville [v. Exxon Corporation, 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974)]; see Cooper v. Board of Adjustment, 412 Pa. 429, 195 A.2d 101 (1963).

Alternatively, the appellants tried to show that the land cannot be sold as zoned or that it has only distress value. However, the appellant's own witnesses testified that the land has a minimum marketable value of $1,000 per acre as a 'gentleman's farm.' The title owners had great difficulty locating a buyer for their property, but their efforts to sell were limited. They listed the property with only one broker who showed the property only to developers. No signs indicating that the property was available were placed on the land. Furthermore, the appellant considered using only the entire tract even though the value of partial development would exceed that of farm use. Difficulty in selling property as it is presently zoned is not a hardship of sufficient magnitude as to require issuance of a variance: Updegrave, supra, at 454. The court, moreover, cannot find that the admitted minimum value of $1,000 per acre is distress value.

*Walter C. Czop, Inc. v. Upper Providence Township Zoning Hearing Board,* 104 Montg. Co. L.R. 301, 303-04 (1978).

We conclude that the trial court, for the reasons stated herein, did not err in refusing to reverse the

Zoning Hearing Board's denial of appellant's validity variance application.

Order affirmed.

ORDER

AND Now, this 22nd day of June, 1979, the order of the Court of Common Pleas of Montgomery County, dated May 8, 1978, affirming the decision of the Upper Providence Township Zoning Hearing Board which denied a validity variance application of Walter C. Czop, Inc., is hereby affirmed.