Fotomat Corporation *v.* Zoning Hearing Board of Upper Dublin Township. Township of Upper Dublin, Appellant.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Mabel Ditter Sellers*, with her *Raymond Jenkins, Jenkins, Tarquini & Jenkins*, for appellant.

*Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell*, for appellee.

OPINION BY JUDGE ROGERS, May 9, 1980:

Upper Dublin Township has appealed from an order of the Court of Common Pleas of Montgomery County reversing a decision of the Zoning Hearing Board of Upper Dublin Township denying the application of Fotomat Corporation for approval to construct a Fotomat kiosk in the Dreshertown Plaza Shopping Center.

Fotomat filed an application with Upper Dublin's zoning officer to construct its kiosk, a building approximately four feet wide, nine feet long and twelve

feet high, on a concrete island about seven feet wide and seventeen feet long in Dreshertown Plaza. Although the kiosk would have no water or sewage disposal facilities, the occupants of another store in the Shopping Center agreed that Fotomat's employees might use its restroom. The zoning officer denied Fotomat's request. Fotomat appealed to the Zoning Hearing Board, alleging that it could construct the kiosk as a matter of right under the provisions of Upper Dublin's zoning ordinance relating to shopping centers, or that it was entitled to a variance to construct the kiosk, or that Upper Dublin's zoning ordinance unconstitutionally excludes kiosks from the township. The Board rejected all of these claims. It held that Fotomat could not construct its kiosk as a matter of right because Section 11.02D of the zoning provisions applicable to shopping centers requires that "[a]ll buildings within the center shall be served by a central sanitary sewage disposal system and public water supply and available public utilities" and Fotomat's arrangement with another tenant for the use of its restroom did not meet this requirement. The Board next determined that Fotomat was not entitled to a variance because it had not proven unique hardship to the property, its proof rising no higher than that of a showing of the economic hardship of having to equip its kiosk with a restroom. Finally, the Board concluded that the Upper Dublin zoning ordinance did not exclude kiosks; that it only required that kiosks in shopping centers have restrooms.

Fotomat appealed the Board's determination to the court below, which reversed the Board, finding that the agreement between Fotomat and the other tenant for use of the latter's facilities by Fotomat's employee satisfied the requirements of the zoning ordinance. Having found that Fotomat therefore could have its kiosk as a matter of right, the court did not

reach the question of the propriety of the Board's denial of the variance or the challenge to the constitutionality of the ordinance.

Where, as here, the lower court took no additional evidence, our review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Appeal of Green & White Copter, Inc.,* 25 Pa. Commonwealth Ct. 445, 448 n.1, 360 A.2d 283, 284 n.1. We believe that the Board's refusal of Fotomat's application for a kiosk was proper and will reinstate its order.

Fotomat contends that the term "served by" in Section 11.02D should be given its Webster Third International Dictionary meaning of "to furnish or supply with something needed or desired; to be of use to or answer the needs of" and that the arrangement with another tenant for the use of the latter's facilities by Fotomat's employees (the person served) sufficiently satisfies the regulation. This overlooks the legal principle that "words and phrases are to be given their everyday meaning *unless* otherwise defined by the ordinance or by their context." *Desousa v. Zoning Hearing Board of Whitehall Township,* 19 Pa. Commonwealth Ct. 367, 370, 339 A.2d 650, 652 (1975). (Emphasis added.) Section 11.02D provides that the *"building* in the [shopping] center shall be served by . . . sewage disposal . . . and public water." While Fotomat's arrangement with the other store could be said to serve Fotomat's employee, it does not serve Fotomat's kiosk. The Board correctly held that Fotomat had not met the requirements of Section 11.02D.

With respect to Fotomat's application for a variance it is clear that the Board's alternative[1] ground

---

[1] The Board also assigned as a reason for refusing the variance traffic problems which would be caused by the presence of the kiosk at the place proposed.

for denying it—that Fotomat had not proven a hardship related to the property—sufficiently supports the Board's action. The record reveals no evidence that the nature of the property upon which the shopping center is located prevents Fotomat from constructing a kiosk with the facilities required by Section 11.02D. Indeed, Fotomat's representative who testified at the hearing before the Board did not say that Fotomat could not comply with Section 11.02D, but that Fotomat would not comply, presumably because of additional expense which would be incurred if Fotomat had to install water and sewage facilities in its kiosk. Thus, the most that can be said from the record is that Fotomat is complaining of economic hardship insufficient to carry its burden of proving unnecessary hardship. *See, e.g., Appeal of Walter C. Czop, Inc.,* 43 Pa. Commonwealth Ct. 499, 403 A.2d 1006 (1979); *Borough of Latrobe v. Sweeney,* 17 Pa. Commonwealth Ct. 356, 331 A.2d 925 (1975).[2]

Fotomat appears also to argue that it is entitled to a variance because two kiosks of others which are not served by central sewage or public water are located in Upper Dublin in zoning districts which have requirements essentially identical to Section 11.02D. The record fails to reveal how or why these kiosks were permitted to be built. In any case, existing violations do not preclude the enforcement of zoning regulations. *Braccia v. Upper Moreland Township Zoning Hearing Board,* 16 Pa. Commonwealth Ct. 214, 218, 327 A.2d 886, 888 (1974).

---

[2] At the time Fotomat rented the property upon which it desires to construct its kiosk, Section 11.02D was in effect. This lends additional support to the Board's denial of Fotomat's variance request, for a variance may be refused to an applicant who purchases or leases property with actual or constructive knowledge of existing zoning regulations. *Sisko v. Zoning Board of Adjustment of Pittsburgh,* 36 Pa. Commonwealth Ct. 556, 560, 389 A.2d 231, 233-34 (1978).

Finally, Fotomat claims that Upper Dublin's zoning ordinance unconstitutionally excludes kiosks from the township or, in the alternative, that the Board has unconstitutionally discriminated against Fotomat, as evidenced by the presence of the existing two nonconforming kiosks. Taking the latter contention first, Fotomat did not meet its burden of proving unconstitutional discrimination because it offered no evidence as to how or why the presence of other kiosks came about. It is not unduly speculative to consider that they may have been built either before Upper Dublin's current regulation was enacted, or that they somehow qualified for a variance.

Fotomat's argument that Upper Dublin has unconstitutionally excluded kiosk-type buildings is also without merit. There is nothing in Upper Dublin's zoning ordinance which excludes kiosks as a permissible building type, unless a kiosk is a building necessarily without water or sanitary facilities. In reality, Fotomat is challenging the constitutionality of the requirement of Section 11.02D that all buildings in a shopping center must be served by central sewage and public water facilities. It has the heavy burden of " 'clearly establish[ing] [that] the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals, and general welfare and if the validity is debatable, the legislative judgment is allowed to control.' " *Pollock v. Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 641, 645-46, 342 A.2d 815, 819 (1975), *quoting Schubach v. Silver,* 461 Pa. 366, 381, 336 A.2d 328, 335 (1975). Fotomat offered no evidence to carry this burden. Moreover, it is certainly not clear that there is no relationship between a requirement that a commercial building have sanitary facilities and running water and the public health, safety and general welfare.

Accordingly, we enter the following

ORDER

AND Now, this 9th day of May, 1980, the order of the Court of Common Pleas of Montgomery County, No. 78-15517, is reversed and the order of the Zoning Hearing Board of Upper Dublin Township, dated August 23, 1978, is reinstated.