In Re: Appeal of J. Harry Hoffman et al. J. Harry Hoffman and Irene C. Hoffman, John B. Ernst and Nancy W. Ernst, and Richard E. Smith and Madge E. Smith, Appellants.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

8

*George M. Bush,* with him *John F. Hartzel, Hartzel and Bush,* for appellants.

*William E. Benner, Power, Bowen & Valimont,* for appellee.

OPINION BY JUDGE BLATT, April 7, 1982:

Before us is a zoning appeal brought by property owners (appellants) whose land borders a vacant lot, owned by Our Lady of Mount Carmel Roman Catholic Church (Church).[1] The Church proposes to use the lot to provide additional off-street parking for parishioners attending Sunday morning masses.

---

[1] Doylestown is located within the Archdiocese of Philadelphia and His Eminence John Cardinal Krol, Archbishop of Philadelphia, is, therefore, the legal owner of the property. Our Lady of Mount Carmel Church holds the property in trust for the Archdiocese and, for purposes of this appeal, is in effect the owner of the property.

The Church complex is located in an R-2 residential zone, and consists of several lots which are either contiguous or separated from each other only by public streets: a parochial school with an attached auditorium and a parking lot which face East Ashland Street and are separated from the Church, rectory, parking lot and cemetery by East State Street, while all of the facilities are in turn separated by Maple Avenue from the convent and the open ground which is the subject of the present appeal.

The Church sought a decision from the Doylestown Borough Zoning Officer with regard to his position on issuing an off-street parking permit. It was informed by letter of May 24, 1979 that an application for such a permit would have to be denied because the zoning ordinance did not permit an off-street parking area in an R-2 zone. The Church appealed and the Doylestown Zoning Hearing Board (Board) conducted hearings after which it concluded that, inasmuch as the requested off-street parking would be located on the Church premises and would serve the Church's principal, i.e., religious use, it was, therefore, a permitted use under the zoning ordinance. Upon appeal filed by the present appellants[2] and by the Doylestown Borough Council, the Court of Common Pleas of Bucks County affirmed the Board.

Where, as here, the court below did not take additional evidence, our scope of review is limited to determining whether or not the Board abused its discretion or committed an error of law. *McGeehan v. Zoning Hearing Board of Springfield Township,* 45 Pa. Commonwealth Ct. 403, 407 A.2d 56 (1979).

---

[2] The appellant also appealed from that portion of the Board decision which recognized the erection of a bell tower as a religious use and hence a permitted use. That portion of the appeal was abandoned, however, prior to resolution of the matter in the court below.

Both the Board and the court below determined that the Zoning Officer had incorrectly relied on Section 450(35) of the zoning ordinance in denying the permit, and then concluded that the proposed off-street parking was a permitted use under Section 801(g) of the ordinance.

Section 450 of the ordinance sets forth permitted uses and the regulations governing them, and subsection (35) thereof permits off-street parking for "cars of employees, customers or guests of existing establishments in the same district where the subject parking area is proposed." It further provides that such parking must conform to the provisions of Section 610, which regulates buffer yards in non-residential zones. A subsection (35) use is not permitted in an R-2 zone, but the Church here is a religious use under subsection (9) and so is a permitted use in an R-2 zone. The off-street parking which it now seeks to provide for its parishioners attending Sunday masses is, therefore, subject to subsection (62), which governs off-street parking in an R-2 zone, rather than to subsection (35).

Section 450(62), with which we must consequently be concerned here, provides for "[o]ff-street parking subject to the provisions and requirements of Article VIII, which is comprised of Sections 800-804 of the ordinance. And, an examination of Article VIII establishes it as the appropriate focus of our inquiry now, and Section 800 thereof provides in pertinent part:

Off-street parking spaces shall be provided and satisfactorily maintained in accordance with the following provisions for each use defined in Section 450 which, after the effective date of this Ordinance, is erected, enlarged or altered for use for any of the following purposes.

. . . .

(d) Institutional, Recreational and Educational (Uses 9 thru 16 . . .): One (1) space per five (5) seats. . . .

Section 801(b) requires that, in the event of the alteration of a structure or the change or extension of a use which increases parking requirements pursuant to the standards set forth in Section 800, additional parking must be provided in accordance with the requirements of Section 800. It further provides exceptions to this requirement under certain circumstances in situations where the use is intensified without addition to the structure. Section 801(g) provides in pertinent part that:

Required off-street parking spaces shall be on the same lot or premises with the principal use served. Where this requirement cannot be met, it shall be within three hundred (300) feet of the same principal use, but not in an R1, R2, or CR District.

The appellants argue that Section 801(g) applies only to *required* off-street parking. They also argue that the Church has not established that it is presently required under the ordinance to increase its parking facilities so that Section 801(g) is inapplicable here. We need not, however, adopt so narrow a reading of the ordinance, an interpretation which would, as pointed out by the court below, lead to a construction "that the minimum required number of parking spaces was also the maximum permitted." The purpose of the ordinance is clearly the promotion of the public health, safety, comfort, convenience, order and general welfare by, *inter alia*, lessening congestion in the roads and streets, Section 102(d), and Section 103 directs that, "[i]n interpreting and applying the provisions of this Ordinance, they shall be held to be the minimum requirements" for effecting its purpose. We must hold, therefore, that Article VIII establishes that off-

street parking on the same lot or premises as a Section 450 use is a permitted use.

The appellants next argue that the proposed parking facilities are not located "on the same lot or premises with the principal use served," as required under Section 801(g). The proposed parking facilities, however, would clearly serve the Church's principal use, namely, a religious use permitted under subsection (9), for it would provide needed additional parking for Sunday masses. Section 215(a) of the ordinance defines "lot" as "[a] parcel of land used or set aside and available for use as the site of one or more buildings . . . in one ownership and not divided by a street, nor including any land within the right-of-way of a public or private street upon which said lot abuts . . ."; the word "premises", however, is not defined at all. When a term is not defined in a zoning ordinance, it must be given a broad construction so as to accord the applicant the benefit of the least restricted use and enjoyment of his land and so as to resolve resulting ambiguities or conflicts in favor of the landowner. *Cook v. Marple Township Zoning Hearing Board*, 55 Pa. Commonwealth Ct. 535, 423 A.2d 1105 (1980). Inasmuch as the words "lot" and "premises" were both used in the ordinance, it is clear that they were not intended to have the same meaning. Webster's Third New International Dictionary 1789 (1966) defines "premises" as "b: a specified piece or tract of land with the structures on it . . . d: the place of business of an enterprise or institution." "Premises" is, therefore, a broader concept than "lot", and the Board did not err in determining that the word meant "the entire church complex consisting of three portions, divided by two streets." The site of the proposed facility for additional parking is a part of that Church complex and, therefore, meets the requirement of Section 801 (g) of the ordinance that the off-street parking spaces

be located on the same premises as the principal use served.

We will, therefore, affirm the holding of the court below.

### ORDER

AND Now, this 7th day of April, 1982, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.