## Hawkins v. Zoning Hearing Board of Bristol Township

*Robert P. Snyder*, for plaintiff.
*Clyde W. Warte*, for Bristol Township.
*Francis X. Dillon*, for Zoning Hearing Board.

RUFE, *J.*, July 12, 1982 — This is an appeal from the Bristol Township Zoning Hearing Board affirming the actions of the Township Zoning Officer in revoking a use and occupancy permit for the subject premises and denying two subsequent applications for a use and occupancy permit.

The premises involved are located on Bristol Road, Levittown, in a district zoned M-2, Heavy Manufacturing, under the terms of the Bristol Township Zoning Ordinance. On September 17, 1980, the owner of the premises filed a Use Occupancy Application indicating a proposed use of health center and described the work as "health center/physical therapy." After inspection of the premises, a use and occupancy permit was granted on September 24, 1980. On March 13, 1981, the permit was rescinded by the township zoning officer on the grounds the use was not in accordance with the application.

On March 17, 1981, appellant reapplied for a Use and Occupancy permit listing the present uses of the premises as "health center/physical therapy" and the intended uses as "health center/therapeutic massage." On March 20, 1981, the application was denied by the zoning officer because the proposed use was not permitted in M-2 zoning. On May 13, 1981, appellant again made application for a Use and Occupancy permit indicating the present use as

"health center-therapeutic massage" and the intended use as "adult massage center." This application was also rejected by the zoning officer because the "proposed use is not permitted in M-2 zoning." After appeals were filed, the matters were consolidated and hearings were held. The zoning hearing board affirmed the decisions of the zoning officer and this appeal followed.

The crucial question before this court is whether a massage parlor is a permitted use under the M-2 zoning classification. Part 13 of the Bristol Township Zoning Ordinance governs the use of properties in an M-2, Heavy Manufacturing district. The applicable use regulations found within the ordinance appear at Section 132 and include the following:

"2.b. Commercial recreational, amusement, or athletic facilities provided that these uses are limited to indoors or within the confines of a fully enclosed building."

Generally, in interpreting zoning ordinances, if the language is clear it must be followed. However, if the language is not clear, the permissive phrases in the ordinance are given their broadest meaning and any ambiguities are resovled in favor of the landowner. Gilbert v. Montgomery Township Zoning Hearing Board, 58 Pa. Commw. 296, 427 A.2d 776 (1981). Zoning provisions, being in derogation of private property rights, are under the strict construction rule applicable to land use decisions, to receive the interpretation which allows a property owner the least fettered use of his land. Cook v. Marple Township Zoning Hearing Board, 55 Pa. Commw. 535, 423 A.2d 1105 (1980).

Construing the ordinance in question in accordance with the aforementioned standards, we conclude that an "adult massage center" is a permitted

use in the M-2, Heavy Manufacturing, District. Whether massages are being rendered for therapeutic, recreational, or merely amusement purposes, the use clearly falls within the broad language of the ordinance, i.e., commercial, recreational, amusement of athletic facilities.[1] We, therefore, hold that the Zoning Hearing Board committed an error of law in concluding that the proposed use was not permitted in the M-2, Heavy Manufacturing, District.

Much community opposition was voiced at the hearings before the zoning hearing board. Local residents including church leaders, community organizations and parents of young children expressed concern regarding the effect of such an establishment on the morals of the community.[2] Although this moral opposition may be relevant for purposes of rezoning the area so as to prohibit this type of use, it has no effect on or relevance to our function in interpreting the ordinance according to the law.[3]

---

1. We note that this is not a case where the zoning permits only a "health club" and the petitioners allege that a massage center qualifies as a health club. Such an argument would most likely be unsuccessful. See Berger v. Borough of Bethel Park, 14 Pa. Commw. 13, 321 A.2d 389 (1974).

2. There was testimony regarding alleged prostitution activities being engaged in by several masseuses at the establishment. Official criminal charges were brought but they were dismissed at the preliminary hearing.

3. It is important to note that the decision of the zoning hearing board did not find that prostitution was, in fact, being engaged in on the premises and base their decision on the grounds that prostitution is not a permitted use under the ordinance. Instead, their decision was based on the grounds that a massage center is not a permitted use, with which we disagree.

"In many instances the question whether a permission is in the public interest is directly relevant to zoning applications. But where the legislative body has made a permissible decision authorizing a use 'of right,' the question whether the use is injurious to the public interest is not open to the zoning officer or the hearing board." R. Ryan, Pennsylvania Zoning Law and Practice, §9.3.8, P. 52. See also, Baldwin Borough v. Matthews, 394 Pa. 53, 145 A.2d 698 (1958).

Further, any alleged violations of the law, such as prostitution or other illegal activities are not to be resolved by the zoning hearing board. It is not for the zoning hearing board, under the guise of zoning regulations, to enforce the criminal statutes of this Commonwealth. Van Sciver v. Zoning Board of Adjustment, 396 Pa. 646, 152 A.2d 717 (1959). If a use would constitute a criminal offense, the activity may be proscribed by specific statutory methods. Id. The fact that an activity may be punishable by arrest or enjoinable under the provisions of a criminal statute is not sufficient to constitute it a violation of a zoning ordinance. Whitehall Township v. Gomes, 69 D.&C. 2d 514, 36 Leh. L. J. 164 (1974). If criminal conduct does take place on the premises, the proper officials have adequate authority to prosecute under the Criminal Code.

Accordingly, we enter the following

## ORDER

And now, this July 12, 1982, it is hereby ordered and decreed that the decision of the Bristol Township Zoning Hearing Board is reversed and the board is directed to reinstate and/or issue an appropriate use and occupancy permit to appellant.