## Gohn v. Zoning Board of Adjustment of the Borough of Columbia

*Liverant, Senfk & Cohen and Barky, Snyder, Cooper & Barber*, for plaintiff.

*David Mountz,* for defendant.

BUCKWALTER, *J.,* November 16, 1982 — The issue before the court is whether the Zoning Board of Adjustment of the Borough of Columbia committed an abuse of discretion or an error of law in granting a variance to intervenor Pollock-Columbia to operate a transfer station for the handling of industrial scrap materials.

The zoning of the tract which intervenor wishes to use as a scrapyard is Industrial. Section 90-34B of the Columbia Code provides that a junkyard is not a permitted use. Intervenor concedes that the junkyard use includes his proposed scrapyard use. Section 90-79C provides that under no circumstances shall the board of zoning adjustment grant a variance to allow a use not permissible under the terms of the ordinance.

A variance is available only on narrow grounds, and the reasons to justify a variance must be "substantial, serious and compelling". Girsh Appeal, 437 Pa. 237, at 240-241, 263 A.2d 395 (1970), quoting Poster Advertising Company, Inc. v. Zoning Board of Adjustment, 408 Pa. 248, 251, 182 A.2d 521, 523 (1962). An applicant seeking a variance must establish that the grant of the variance would not be contrary to the health, safety and general welfare of the community, and that the refusal of the variance would cause an unnecessary hardship *peculiar to that property.* Snyder v. Zoning Hearing Board,

Borough of Zelienople, 20 Pa. Commw. 139, at 141-142, 341 A.2d 546 (1975) (Emphasis in original). (See also, Columbia Code, §90-79A.). "Unnecessary hardship" can be established by showing that the physical characteristics of the property are such "that *it could not in any case be used for the permitted purpose* or that the physical characteristics were such that it could only be arranged for such purpose at *prohibitive expense* or by proving that the characteristics of the area were such that the lot has either no value or *only a distress value for any purpose permitted* by the zoning ordinance." Appeal of Walter C. Czop, Inc., 43 Pa. Commw. 499, at 503, 403 A.2d 1006, (1979) (Emphasis in original.) It is well-settled that economic hardship, short of rendering property practically valueless, does not justify a variance. Appeal of Walter C. Czop, Inc., supra; A & D, Inc. v. Zoning Hearing Board of East Nottingham Township, 32 Pa. Commw. 367, 371, 379 A.2d 654 (1977).

Mayer Pollock II, an officer of intervenor, stated that Pollock-Columbia had been leasing the tract of land in question since 1963. During Mr. Pollock's cross-examination, the following exchange took place:

Q. Now, are you pretty familiar with this tract of land and its size and its configuration?

A. Yes, I am.

Q. Would you tell us what peculiarities exist, if any, regarding that piece of land that would prevent its use for industrial purposes other than a scrapyard?

A. It could be used for anything, any kind of industrial.

The basis for granting the applicant's request for a variance, as stated by the zoning board in its Decision, was that "the operation of the tract of land as a

transfer station for scrap processing purposes would not create a condition contrary to the public health, safety and welfare", Decision, p.4. There was no finding of "unnecessary hardship".

The board's failure to find the existence of "unnecessary hardship", and indeed, the applicant's own admission that the land could be used as presently zoned, lead us to conclude that the board erred in granting the variance. In Kollock v. Zoning Board of Adjustment of Philadelphia, 27 Pa. Commw. 624, 367 A.2d 339 (1976), the Commonwealth Court held that the board abused its discretion in granting a variance because there was no evidence showing that the land in question could not possibly be used as zoned. In reversing the lower court's affirmance of the board, the court stated that even assuming that appellant had shown that no detrimental effects would result from the use, and that the local community did not oppose the use, those factors alone were insufficient to support the grant of a variance. 27 Pa. Commw. at 628-629.

However, intervenor contends that the "hardship test" is inapplicable to the case at hand because of the exclusionary nature of the borough's ordinance, that is, the fact that the code prohibits any property within the Borough of Columbia to be used as a junkyard. However, intervenor never presented its argument that the ordinance was unconstitutionally exclusive to the Board, and accordingly, the Board never considered the issue in reviewing intervenor's request for a variance. "[C]hallenges on constitutional grounds to the substantive validity of provisions of the zoning ordinance as they affect all property must be pursued by the procedures set forth in Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L. 333, as amended, 53 P.S. §11004, not by a request

for a variance." Appeal of American Medical Centers, Inc., 54 Pa. Commw. 573, at 576, 422 A.2d 1192 (1980), cites omitted. In the above case, the Commonwealth Court held that where the applicant for a variance only argued unnecessary hardship, and never raised any constitutional argument could not be considered. See also Cutler v. Newtown Township Zoning Hearing Board, 27 Pa. Commw. 430, 367 A.2d 772 (1976).

Having concluded that we cannot consider intervenor's constitutional challenge to the ordinance in question, and that there was no showing (nor finding) of "unnecessary hardship", we find that the Zoning Board of Adjustment of the Borough of Columbia abused its discretion in granting intervenor Pollock-Columbia's request for a variance.

## ORDER

And now, this November 16, 1982, the Decision of the Zoning Board of Adjustment of the Borough of Columbia dated May 10, 1982, granting the variance requested by Pollock-Columbia, is reversed.