514 A.2d 213

Pennsylvania Parking, Inc., Appellant *v.* Zoning Board of Adjustment, City of Philadelphia, Appellee.

Pennsylvania Parking, Inc. *v.* Zoning Board of Adjustment, City of Philadelphia et al. Queen Village Neighbors Association, Inc., Appellant.

Queen Village Neighbors Association, Inc. et al. *v.* Zoning Board of Adjustment, City of Philadelphia and Pennsylvania Parking, Inc. Pennsylvania Parking, Inc., Appellant.

Queen Village Neighbors Association, Inc., Appellant *v.* Zoning Board of Adjustment, City of Philadelphia, Appellee.

Argued December 10, 1985, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Donald W. Kramer,* with him, *Frances A. McElhill, Montgomery, McCracken, Walker & Rhoads,* for appellant/appellee, Pennsylvania Parking, Inc.

*Kathleen M. Lynch,* with her, *J. Philip Kirchner, Drinker, Biddle & Reath,* for appellant/appellee, Queen Village Neighbors Association, Inc. et al.

*Joy J. Bernstein,* Assistant City Solicitor, for appellant/appellee, Zoning Board of Adjustment of the City of Philadelphia.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 7, 1986:

Pennsylvania Parking, Inc. (PPI) and the Queen Village Neighbors Association (Association) separately appeal a Philadelphia County Common Pleas Court order affirming a Philadelphia Zoning Board of Adjustment (Board) decision which granted a one-year variance to PPI for the operation of a parking lot. PPI appeals the limitation of the variance to a one-year period; the Association, joined by individual neighbors,[1] appeals the grant of the variance.[2] We reverse as to the grant of a variance.

The subject property is situated at 706-712 South Third Street in the Queen Village section of the City of Philadelphia (City). It is zoned R-10 Residential and located within the Southwark National Historic District. When PPI first sought permission to operate a parking lot, the property contained a row of three vacant one-story garages which had been most recently used as warehouses.

PPI applied to the City's Department of Licenses and Inspection for two use permits to (1) demolish the existing buildings and establish a public parking lot

---

[1] Paula Valetich, Iris Stoll, Roberta W. Gutman, David P. Gutman, and Ellen Lariviere.

[2] PPI appealed at No. 3171 C.D. 1984 and, on cross-appeal, No. 3331 C.D. 1984. The Association appealed at No. 138 Misc. Dkt. No. 4 and, on cross-appeal, No. 3333 C.D. 1984.

with an attendant's booth and (2) erect a free-standing, illuminated sign. This application was denied because public parking lots are prohibited in an R-10 district[3] and free-standing signs are prohibited in the Southwark National Historic District.[4] PPI then applied to the Board for a variance authorizing these uses. A public hearing was held, at which testimony was heard from the owner of the land, PPI's president, neighbors supporting and opposing the variance request, and a representative of the City Planning Commission. The Board granted a variance by a vote of three to one. Despite the pendency of appeals from the Board's decision, PPI proceeded to demolish the garages and construct a public parking lot.

Because the common pleas court took no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Heilman v. Zoning Board of Adjustment of Philadelphia County*, 69 Pa. Commonwealth Ct. 157, 450 A.2d 318 (1982).

In its appeal, the Association contends that the Board erred as a matter of law in granting a variance because PPI's evidence failed to demonstrate an unnecessary hardship from the existing residential zoning. We agree.

Section 14-1802 of the Philadelphia Code lists twelve criteria which the Board shall consider in granting a variance.[5] Essentially, an applicant must prove

---

[3] Section 14-211(1) of the Philadelphia Code.

[4] Section 14-2008(2) and (3) of the Philadelphia Code.

[5] Section 1802(1) states that the Board shall consider the following:

    (a)  that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this title would result in unnecessary hardship;

that (1) there is an unnecessary hardship unique to his property and (2) a variance would not be contrary to the public health, safety, or general welfare. *Bamash v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974). To establish an unnecessary hardship, it must be shown that (1) the physical characteristics of the property prevent or render prohibitively expensive the uses permitted under the zoning ordinance or (2) the characteristics of the surrounding area are such that the property has either no value or a distress value if used for one of the permitted purposes.

---

(b)   that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought;

(c)   that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;

(d)   that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;

(e)   that the grant of the variance will not substantially increase congestion in the public streets;

(f)   that the grant of the variance will not increase the danger of fire, or otherwise endanger the public safety;

(g)   that the grant of the variance will not overcrowd the land or create an undue concentration of population;

(h)   that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

(i)   that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

(j)   that the grant of the variance will not adversely affect the public health, safety or general welfare;

(k)   that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

(l)   that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

*Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976).

PPI presented testimony that (1) following the collapse of a restuarant development agreement, the owner had attempted to sell or lease the property but only received offers involving commercial uses, (2) there had been financial and marketing problems with several residential developments in the area, (3) the property is part of the commerical "South Street Corridor" and commercial uses are present in the 700 block of South Third Street, and (4) there is an acute shortage of off-street parking in the Society Hill-Queen Village area. We conclude that this evidence is legally insufficient to establish an unnecessary hardship.

When an applicant attempts to establish an unnecessary hardship by showing that the property lacks marketability if development is limited to permitted residential uses, he must present evidence of *active, prolonged and specific* testing of its marketability. *Mobile Oil Corp. v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 535, 291 A.2d 541 (1972). In *Ferry v. Kownacki,* 396 Pa. 283, 152 A.2d 456 (1959), a variance was upheld where the applicant presented evidence that the two-acre residential property involved therein had been continually offered on the market for almost a year, first at $3,500 and then at $2,500, with no prospective buyers forthcoming. Here, in contrast, PPI offered no evidence on how long the property had been offered for sale or at what price. The evidence which PPI presented to show a residential housing glut in Queen Village is too vague. It fails to detail the *type* of housing beset by marketing difficulties. Moreover, the mere presence of nearby troubled residential developments does not, by itself, establish an area-wide housing glut. These circumstances may have resulted

from a myriad of factors related to an overall surplus of housing, for instance, poor marketing techniques or undesirability of development or the specific location. No record evidence cures these ambiguities. At best, PPI has shown difficulty in selling the property for residential development. This is not a sufficient ground for granting a variance. *Appeal of Walter C. Czop, Inc.,* 43 Pa. Commonwealth Ct. 499, 403 A.2d 1006 (1979).[6]

An unnecessary hardship may also be found where a residentially zoned property is surrounded by numerous incompatible commercial uses, rendering it of little value for residential purposes. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). PPI's evidence failed to demonstrate an unnecessary hardship of this nature. The owner testified that there was commercial use in the 700 block of South Third Street. However, unlike *Valley View,* nothing in the record details the number of commercial uses on this block, their nature, or their proximity to the subject property. Thus, PPI did not meet the *Valley View* standard.[7]

Finally, PPI's evidence regarding a shortage of parking spaces in the Society Hill-Queen Village area is not

---

[6] An opposing neighbor, a real estate agent, testified that she had four or five clients to whom she could easily sell two houses then being constructed nearby, at Third and Monroe Streets. The Board Chairman responded that "[h]ow many houses are for sale or not for sale is not what our judgment here is. [W]e are not interested in that kind of testimony." N.T., 12/20/84, p. 19. It was error to dismiss this testimony as it was relevant to the issue of whether an area-wide housing glut existed.

[7] The owners' testimony that the property is part of the South Street Corridor also fails to meet this test. South Street intersects with South Third Street at the beginning of the 600 block, over one block away from the property. In *Valley View* the property in question there was located *on* a commerical thoroughfare, Ridge Avenue.

pertinent to the question of whether its property is burdened by an unnecessary hardship justifying a variance. The test for determining the appropriateness of a variance is not whether the use of property sought by the owner is more desirable or even the best use but, rather, whether the property may be used in a reasonable manner within the applicable zoning provisions. *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). Because PPI has not demonstrated that the R-10 zoning of the property precludes a reasonable use, an asserted need for off-street parking in the area is nothing more than a policy issue that should be addressed to City Council's zoning amendment power. *See Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

We hold that the Board erred in issuing a variance because PPI did not produce evidence demonstrating that the R-10 zoning of the property creates an unnecessary hardship justifying a variance.[8] Accordingly, we reverse the common pleas court order upholding the Board's decision.

## ORDER

The Philadelphia County Common Pleas Court order, No. 5577 January 1984 dated September 11, 1984, is reversed as to the appeal at No. 138 Misc. Dkt. No. 4 and No. 3333 C.D. 1984. The appeal docketed at No. 3171 C.D. 1984 and No. 3331 C.D. 1984 is dismissed as moot.

Judge COLINS did not participate in the decision in this case.

---

[8] Because we reach this conclusion, the Association's other contentions need not be addressed. Also, this holding renders moot PPI's appeal of the one-year limitation upon the duration of the variance; we therefore dismiss this appeal.