Ford Leasing Development Company, Appellant *v.*
Zoning Board of Adjustment of the City of
Philadelphia, Appellee.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard J. Goldstein*, with him *Hershel J. Richman, Cohen, Shapiro, Polisher, Shiekman and Cohen*, for appellant.

*Michael B. Tolcott*, Assistant City Solicitor, with him *Barbara S. Gilbert*, Assistant City Solicitor, *Jill A. Douthett*, Deputy City Solicitor, and *Alan J. Davis*, City Solicitor, for appellee.

*John F. Ledwith, Schubert, Mallon, Walheim & deCindis*, for intervening appellees.

Opinion by Judge Rogers, April 15, 1982:

Ford Leasing Development Company has appealed from an order of the Court of Common Pleas of Philadelphia County upholding an order of the Zoning Board of Adjustment of Philadelphia refusing to hear the merits of Ford's application for a variance.

Ford's quest for a variance which would authorize it to use a portion of its property zoned residential for a parking lot accessory to its auto sales and repair enterprise on Germantown Avenue in Philadelphia was the subject of our opinion and order in *Kollock v. Zoning Board of Adjustment of Philadelphia*, 27 Pa. Com-

monwealth Ct. 624, 367 A.2d 339 (1976). We there held that Ford was not entitled to a variance because having failed to show that its lot could not be used for residential development, it had not met its burden of demonstrating that the provision of Philadelphia's zoning ordinance restricting the use of its lot to residential development imposed an unnecessary hardship.

Our decision was filed December 21, 1976. On January 5, 1977, Ford applied to the Board of Adjustment for the same variance which was the subject of *Kollock*. The Board of Adjustment conducted a hearing but limited the evidence to matters relevant to the factual issue of whether there had been a material change of circumstances affecting the use of Ford's residentially zoned land since the earlier application. The Board found that Ford failed to show a material change of circumstances and that the new application must fail on the basis of its Rule III(10), providing:

> Except by special permission of the Board, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, for one (1) year from the date of such final determination. In addition, no rehearing will be permitted after a final determination by the Board, or by a Court on appeal therefrom, until the premises in question have been brought into compliance and remained in compliance with that final determination for at least one (1) year.

The court below affirmed the Board's action; hence the appeal.

During the pendency of the proceedings on Ford's first application for variance, the city adopted amendments to its zoning code which Ford now alleges constitutes a material change of circumstance. Specifically, Section 14-1603 of the code was amended so as to

prohibit clearing or earth-moving activity where the natural slope of the land exceeds twenty-five per cent. Section 14-1802 of the code was amended so as to require the Board of Adjustment to consider certain environmental factors before granting a variance. Finally, a moratorium on construction, which we are told was in effect at the time of the hearing before the Board on Ford's first application for variance, was in the meantime lifted.

With respect to the alleged new hardship created by the prohibition on clearing or earth-moving activity by Section 14-1603 of the zoning code, Ford's witness on this point, a realtor, admitted that he had not measured the slope and therefore did not know whether it exceeded twenty-five per cent. He also was unable to testify as to whether the present slope was natural as opposed to artificial. In any event, the prohibition on clearing or grading would seem on its face to be as much of an impediment to use of the lot for parking as for the construction of residences.

The requirement of Section 14-1802 that the Board of Adjustment consider the environment in adjudicating applications for variances adds nothing to existing zoning law which requires that the variance not be granted if contrary to health, safety or general welfare. The Board's duties with respect to environmental considerations were not, it seems to us, materially changed by this provision.

Finally, the pertinency of Ford's argument that the lifting of a building moratorium was a changed circumstance requiring a new hearing on the merits of its application for a variance so that they may use its land as a parking lot instead of for homes, eludes us. It would seem to us that the lifting of a building moratorium would remove, not create, an impediment to building homes.

Order affirmed.

## ORDER

AND Now, this 15th day of April, 1982, the order of the Court of Common Pleas of Philadelphia County is affirmed.