## STATE OF VERMONT

| SUPERIOR COURT<br>Environmental Division | ENVIRONMENTAL DIVISION<br>Docket No. 130-11-15 Vtec |
|---|---|
| Bold Zoning Permit Amendment | DECISION ON MOTION |

### Decision on Motion for Summary Judgment

Appellants James and Donna Bold appeal an October 14, 2015 decision by the Woodstock Village Development Review Board ("DRB") denying their request for relief from a zoning requirement to reinstall shutters on their home. An identical, unsuccessful request for the house was made in 2014 by the previous owner. The DRB rejected the Bold application under the successive-application doctrine, which bars a second application if no substantial change in circumstances has occurred since a first, similar application was considered. In their appeal, the Bolds have asked this Court to answer two questions in their Statement of Questions. Question 1 asks whether their application should be approved. Question 2 asks whether the successive-application doctrine precludes consideration of Question 1. In response, the Village of Woodstock ("Village" or "Woodstock") filed a Motion to Dismiss Question 1 of Appellants' Statement of Questions on December 23, 2015 and a Motion for Summary Judgment on March 2, 2016. The Bolds responded to the motion for summary judgment with a memorandum in opposition filed on March 28, 2016. After the Court began its consideration of the pending motions, the Court advised the parties that it needed further information to complete its analysis. See In re Bold Zoning Permit Amendment, No. 130-11-15 Vtec, Entry Order (Vt. Super Ct., Envtl. Div. Aug. 5, 2016) (Durkin, J.). The parties supplied the Court with the requested materials within the following thirty days. The Court has now completed its research and deliberations on the pending motions.

The Bolds are represented by Christopher D. Roy, Esq. The Village is represented by Todd C. Steadman, Esq.

-1-

**Factual Background**

For the sole purpose of putting the pending motions into context, the Court recites the following facts, all of which the parties either agree to, or the Court has determined not to be in dispute based on the record:

1.      James and Donna Bold ("the Bolds") own and reside at 16 Pleasant Street in the Village.

2.      The Bolds' home is in the Village's Design Review District. Buildings in this District must meet special zoning requirements designed to ensure new construction, additions, and alterations fit in with existing buildings and streetscape. Village of Woodstock Zoning Regulations § 405(A) (approved May 12, 2015).

3.      On October 12, 2015, the Bolds appeared before the DRB to present their application seeking design review approval to allow the main section of their house to remain free of shutters. Specifically, the Bolds requested that the Board "allow the main section of the house to remain without decorative blinds inadvertently added to the plan elevations approved 11/14/06." See James and Donna Bold's Planning & Zoning Application, a copy of which was attached as Exhibit B to Appellants' Response to Appellee's Statement of Undisputed Facts, filed March 28, 2016.

4.      The DRB determined the Bolds' application was governed by the successive application doctrine and barred it on that basis. The DRB did not consider the merits of the Bolds' application.

5.      In 2014, the previous owners of 16 Pleasant Street submitted an application to the DRB "to allow the main house section, built in 1830, to remain without decorative, wood blinds (shutters)." See Les and Susan Berge's Planning & Zoning Application, a copy of which was filed with the Court on August 17, 2016. The DRB denied the Berges' request on June 11, 2014.

6.      The DRB's June 11, 2014 decision was not appealed.

7.      On October 20, 2014, this Court issued a judgment order on a permit amendment application for a home without shutters at 16 Mountain Avenue in the Village of Woodstock. Sligar & Sattelberger Permit Amendment, No. 152-11-13 Vtec (Vt. Super. Ct. Envtl. Div. Oct. 20, 2014) (Durkin, J.). By that Decision, the Court concluded that the Village of Woodstock Zoning Regulations did not mandate that shutters must remain on the home after approved exterior

renovations were completed.  Id. at 3.  The Court concluded that while the Regulations mandated that architectural features such as shutters be "considered" for new construction and renovations, the Regulations did not "mandate" the inclusion of shutters, but rather allowed for aesthetic change.  Id. at 3–4.

8.      Following the Sligar ruling, the Village amended its Zoning Regulations related to shutters.  The amended Regulations were approved by the Village's Board of Trustees on May 12, 2015.

9.      Prior to the amendments, the Regulations stated that architectural features, including shutters, "shall be considered in the construction or alteration of a building.  It is not intended that the details of old buildings be duplicated precisely, but they should be regarded as suggestive of the extent, nature and scale of details that would be appropriate on new buildings or alternations."  Village of Woodstock Zoning Regulations § 405(G)(6) (effective Feb. 1, 2012) (emphasis added).

10.     The Zoning Regulations now state that existing architectural features, including shutters, "shall be retained where appropriate.  New details shall consider those prevailing in the immediate area."  Village of Woodstock Zoning Regulations § 405(G)(7) (adopted May 12, 2015) (emphasis added).

## Discussion

### I.      Scope and Standard of Review

The Bolds are entitled to a *de novo* hearing of their appeal.  24 V.S.A. § 4472(a); accord 10 V.S.A. § 8504(h) (recognizing that these appeals receive a "de novo hearing on those issues which have been appealed"); V.R.E.C.P. 5(g) ("All appeals under this rule shall be by trial de novo").  In a *de novo* hearing or trial, the Court hears the evidence anew "as though no decision had been previously rendered."  In re Poole, 136 Vt. 242, 245 (1978).  Our review is limited, however, to the issues raised in the Appellants' Statement of Questions.  In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190 (quoting In re Garen, 174 Vt. 151, 156 (2002)); see also V.R.E.C.P. 5(f) ("The appellant may not raise any question on the appeal not presented in the statement [of questions]").

The Village has requested the Court render a decision on Question 2 without a hearing.  Since our response to that Question may be dispositive of this appeal, we address it first.

-3-

Summary judgment may only be granted when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a) (applicable here through V.R.E.C.P. 5(a)(2)). In reviewing a motion for summary judgment, the Court gives the nonmovant the benefit of all reasonable doubts and inferences. Greene v. Stevens Gas Serv., 2004 VT 67, ¶ 9, 177 Vt. 90.

## II.     Whether the Bolds' Application is Barred by the Successive-Application Doctrine

The foundational issue in this case is whether the successive-application doctrine bars consideration of the Bolds' application. The doctrine shares the principle of preclusion with res judicata and collateral estoppel, which prohibit parties from relitigating claims and issues that have been decided, all in the interest of judicial efficiency and fairness to the parties. Generally, a zoning board may not consider a second application concerning the same property after a previous application has been considered. In re Carrier, 155 Vt. 152, 158 (1990). The doctrine protects the integrity of zoning decisions, and provides some finality. Id. It does not apply when a substantial change of conditions or other considerations materially affecting the merits of the request have intervened between the two applications.[1] Id.

Vermont case law primarily focuses on changes to the application itself, and whether those are substantial enough to warrant a second look. See, e.g., In re Dunkin Donuts S.P. Approval (Montpelier), 2008 VT 139 ¶¶ 8, 13, 185 Vt. 583 (finding an appellant was free to file a successive application that addressed all the concerns that had originally prevented approval). This Court has also held that the successive-application doctrine does not bar consideration of a second, identical application when there has been a "material change in the applicable law or regulation." In re Miller Subdivision Final Plan, No. 178-7-06, Vtec, slip op. at 6–7 (Vt. Envtl. Ct. March 21, 2007) (Durkin, J.) (holding that collateral estoppel does not apply when the law governing the relevant facts has changed), *aff'd in part, rev'd in part (on other grounds)*, 2008 VT 74, 184 Vt. 188. Successive applications may also be barred by statute—24 V.S.A. § 4470(a)— which directs that an "appropriate municipal panel [and this Court on appeal] may reject an

---

[1] The previous owners of the Bolds' home did not appeal the DRB's decision to deny their application to eliminate the shutters. The unappealed decision is therefore final and binding on successors in interest. In re Hildebrand, 2007 VT 5, ¶ 11, 181 Vt. 568; 24 V.S.A. § 4472(a), (d).

[application on] appeal . . . if the appropriate municipal panel [or this Court] considers the issues raised by the appellant in the appeal have been decided in an earlier appeal or involve substantially or materially the same facts . . . ." Id.

But Vermont case law and this statute do not define in detail what "material change in the applicable law" means. Other states have, however. The change must be more than minor or technical, and it should clearly benefit the applicant or application. Laurel Beach Ass'n v. Zoning Bd. of Appeals, 785 A.2d 1169, 1177 (Conn. App. Ct. 2001); Ford Leasing Dev. Co. v. Zoning Bd. of Adjustment, 443 A.2d 886, 887–88 (Pa. Commw. Ct. 1982).

Here, the Bolds submitted essentially the same application as the prior homeowners. They are seeking authority to not replace shutters that had been removed during a home renovation; this is the same request contained in the prior owners' application that was denied by the DRB in 2014.

The Bolds argue that two material events occurred between the DRB's June 11, 2014 decision on the previous application and its October 12, 2015 decision on their application. First, this Court determined that the Village's Zoning Regulations in effect at the time did not mandate that shutters remain on a home following exterior renovations. Sligar, No. 152-11-13 Vtec slip op. at 3 (Oct. 20, 2014). Instead, the prior Regulations required only that shutters and other architectural features be "considered" when a building is proposed to be altered and sent a clear message that aesthetic changes were allowed. Id. The Bolds argue that this decision materially affects the merits of their application. For the following reason, we conclude that it does not. The Regulations interpreted in Sligar were changed by amendment in May 2015. Sligar is therefore irrelevant to this case, since the Regulations interpreted by this Court in Sligar are not applicable to the Bolds' pending permit amendment application.

Rather, the change that may matter is the second intervening event, the May 12, 2015 amendments to the Village's Zoning Regulations related to shutters. Instead of merely considering whether shutters are appropriate on a home, the Regulations now state that shutters "shall be retained where appropriate. New details shall consider those prevailing in the immediate area." Village of Woodstock Zoning Regulations § 405(G)(7) (adopted May 12, 2015) (emphasis added). However, we note that this change in the regulatory language does not

benefit the Bolds. If anything, the new Regulations make it even more difficult for the Bolds to convince the DRB that the applicable Regulations can be interpreted to allow their home to remain shutter-free. The DRB "considered" whether the prior owners should be allowed to not replace the shutters on the home at 16 Pleasant Street and denied that request. We cannot fathom how the regulatory amendment that now states that shutters "shall be retained" on District homes "where appropriate" provides a material change that favors the Appellants here.

This Court also interpreted the Village's amended Regulations in a September 2016 decision which upheld the DRB's decision to require another homeowner to replace shutters that had been removed as part of renovation work. In re 29 Pleasant St. Design Plan Approval, No. 18-2-16 Vtec slip op at 7–9 (Vt. Super Ct. Envtl. Div. Sept. 23, 2016) (Walsh, J.). While acknowledging the subjective aspect of requiring shutters "where appropriate," the Court determined that the ordinance provides sufficient guidance and is not a gateway to arbitrary decision-making. Id. at 7–9 ("[T]he State and the Village have intended to give the DRB some room to interpret what is appropriate, within the bounds of what is suitable, what the prevailing conditions are in the immediate area, and with special attention given to structures in easily visible areas."). The Regulations' stated purpose is to evoke a classic New England village. Id. at 7.

Thus, we fail to see how the revised Regulations could benefit the Bolds' efforts to remodel their home without shutters. The DRB denied the first application under the old Regulations, which only required the DRB to consider shutters and other features in design review applications. Removing shutters was then permissible under the former Regulations, just as this Court determined in Sligar. Under the amended Regulations, shutters "shall be retained where appropriate." Village of Woodstock Zoning Regulations § 405(G)(7) (adopted May 12, 2015). The language in the amended Regulations gives the DRB less leeway to allow homeowners to remove their shutters in the Village's Design Review District. It stands to reason that if the removal was denied under the prior, more flexible Zoning Regulations, authorized removal is made more difficult under the current, less flexible Regulations. Because it cannot possibly help the Bolds, we conclude that the amended Zoning Regulations do not represent a material change in circumstances that benefits the Bolds or their application. We therefore conclude that the successive-application doctrine bars the DRB, and this Court in a de novo appeal, from

considering the second, identical application. The Village is therefore entitled to summary judgment on Question 2.

### III.    Question 1 is Moot

Because the successive-application doctrine is applicable, a second review of the Bolds' application is barred by the successive application doctrine. The Court therefore need not consider the merits of their application, which is the legal issue raised by their Question 1.[2]

### Conclusion

The DRB properly rejected the Bolds' application. Question 2, which asks whether the successive-application doctrine precludes consideration of Question 1, is therefore answered in the affirmative. Question 1, which asks whether the Bolds' application should be approved, is made moot by our conclusion that the successive application doctrine precludes consideration of the Bolds' pending application. The Village's Motion for Summary Judgment is therefore **GRANTED.**

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court concerning this appeal.

Electronically signed on December 16, 2016 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Vermont Superior Court, Environmental Division

---

[2] Contrary to the Village's understanding, we conclude that this Court has jurisdiction to act on a zoning application presented for review by the appropriate municipal panel, even if that panel declined to complete its review. In re Torres, 154 Vt. 233, 236 (1990). The DRB's decision not to hear the Bolds' successive application was a final, appealable decision. If the Court had concluded in this de novo appeal that the doctrine did not apply, the Court's jurisdiction would include a consideration of the merits of the application itself.